IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS** | |
| Plaintiff, | |
| vs. | CIVIL ACTION NO.: |
| **HYUNDAI MOTOR COMPANY, HYUNDAI MOBIS, INC. (formerly known as HYUNDAI PRECISION CO.), HYUNDAI TRANSLEAD (formerly known as HYUNDAI PRECISION CO.) HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC,** | 2:06-cv-568-DRB |
| Defendants. | |

**ANSWER OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA**

COMES NOW Defendant, Hyundai Motor Manufacturing Alabama, LLC, incorrectly identified in the Complaint as "Hyundai Motor Manufacturing of Alabama, LLC" ("HMMA"), and responds to each of Plaintiff's allegations in the Complaint as follows:

1. HMMA admits that Plaintiff is over 21 years of age, but denies that Plaintiff is a citizen of Montgomery County, Alabama.

2. HMMA admits that it is located in and has its principal place of business in Montgomery, Alabama. HMMA denies all material allegations relating to any other Defendants.

3. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

4. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

5. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

6. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

7. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

8. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

9. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the

truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

10. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

11. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

12. The allegations of this Paragraph do not relate to any conduct involving HMMA and, therefore, HMMA is without knowledge or information sufficient to form a belief as to the truth of these allegations. To the extent a response is required of this Defendant, HMMA denies all material allegations of this Paragraph.

13. HMMA admits that it is a legal entity with its principal place of business in Montgomery, Alabama, and that it was initially formed on April 12, 2002, as a Delaware Limited Liability Company. HMMA admits that Plaintiff transferred to HMMA to become an employee of HMMA in approximately September of 2002. HMMA admits that Plaintiff reported to HMMA Vice President of Procurement Mark Lee. HMMA denies that Ted Chung was ever an employee of HMMA. HMMA denies that it reaffirmed any agreement between Plaintiff and Hyundai Motor America ("HMA"). HMMA denies the remaining allegations of Paragraph 13.

14. HMMA admits that it did not provide Plaintiff with a formal annual performance evaluation. HMMA denies the remaining allegations of Paragraph 14.

15. HMMA admits that Plaintiff was given a signing bonus. HMMA denies that any official at HMMA ever guaranteed any supposed bonus. HMMA denies the remaining allegations of Paragraph 15.

16. HMMA admits that Plaintiff spoke to Greg Kimble, Director of Human Resources for HMMA, about not getting a bonus and that Kimble told Plaintiff to be patient about receiving any bonus, including annual bonuses, because HMMA was a start-up company and bonuses were not guaranteed to employees. HMMA denies that Kimble ever acknowledged or guaranteed that any bonus in the amount of 225% of Plaintiff's monthly salary should be paid or was due. HMMA denies the remaining allegations of Paragraph 16.

17. HMMA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and, therefore, denies them.

18. HMMA admits that Plaintiff did not hold the position of Vice President of Procurement for HMMA in September of 2004. HMMA is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding representations made by Ted Chung and, therefore, denies them. HMMA admits that Plaintiff was not promoted to Vice President of Procurement of HMMA when Mark Lee transferred back to Korea. HMMA denies the remaining allegations of Paragraph 18.

19. HMMA admits that Keith Duckworth was made Chief Administrative Officer and Deputy President for HMMA in 2005. HMMA admits that Duckworth was unaware that any supposed promise had been made to Plaintiff regarding being promoted to the position of Vice

President of Procurement of HMMA, and denies that any such promise was made by any HMMA official. HMMA denies the remaining allegations of Paragraph 19.

20. HMMA adopts and reincorporates its answer to each of the foregoing Paragraphs as if fully set forth herein.

21. HMMA denies the allegations of Paragraph 21.

22. HMMA denies the allegations of Paragraph 22.

23. HMMA adopts and reincorporates its answer to each of the foregoing Paragraphs as if fully set forth herein.

24. HMMA denies the allegations of Paragraph 24.

25. HMMA denies the allegations of Paragraph 25.

HMMA denies that Plaintiff is entitled to any of the relief sought in the Complaint or to any other relief. HMMA requests that this action be dismissed and that it be awarded its costs and attorney's fees expended in defense of this action.

## ADDITIONAL DEFENSES

In addition to the foregoing, HMMA asserts the following additional defenses:

### FIRST DEFENSE

Plaintiff's claim for fraud in the inducement is preempted by the Employment Retirement Income Security Act of 1974.

### SECOND DEFENSE

Plaintiff's claims and/or appeal of benefits denial under the plan were untimely.

### THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies under the terms and conditions of the applicable ERISA plans.

**FOURTH DEFENSE**

HMMA denies that Plaintiff is entitled to benefits under the applicable ERISA plans.

**FIFTH DEFENSE**

HMMA denies that Plaintiff is entitled to a trial by jury on his claims related to the benefit plans in question.

**SIXTH DEFENSE**

Plaintiff's claims which arise out of or are in any way related to the employee benefit plans in question are subject to resolution solely through the procedures set forth in the plans.

**SEVENTH DEFENSE**

Plaintiff has acquiesced in the terms and conditions of the plans in question.

**EIGHTH DEFENSE**

HMMA denies all material allegations stated in the Complaint and demands strict proof thereof.

**NINETH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**TENTH DEFENSE**

The Complaint is barred in whole or in part by the applicable statutes of limitations or laches.

**ELEVENTH DEFENSE**

HMMA has not made any material representation sufficient for Plaintiff to reasonably rely upon. The statements that Plaintiff references in the Complaint are too vague, ambiguous, and lacking in specificity to constitute a material misrepresentation of fact.

## TWELFTH DEFENSE

HMMA did not have a present intent to deceive Plaintiff at any time it made a representation to Plaintiff regarding his employment status with the Company.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the Plaintiff's lack of reasonable reliance.

## FOURTEENTH DEFENSE

HMMA denies that Plaintiff justifiably or reasonably relied upon any alleged misrepresentation or omission by any HMMA agent, or that Plaintiff was damaged as a proximate result of any alleged misrepresentation or omission.

## FIFTEENTH DEFENSE

HMMA has not made any material representation sufficient for Plaintiff to reasonably rely upon.

## SIXTEENTH DEFENSE

Plaintiff's claims must fail because he has ratified any wrongful actions or contractual breach through his actions.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by the "at will" employment doctrine.

## EIGHTEENTH DEFENSE

Any alleged misrepresentations made by an agent of HMMA concerning Plaintiff's employment were ultra vires.

### NINETEENTH DEFENSE

No action of HMMA proximately caused any injury or damage allegedly suffered by Plaintiff.

### TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrines of pari delicto.

### TWENTY-SECOND DEFENSE

Plaintiff's claims are barred by his failure to provide consideration.

### TWENTY-THIRD DEFENSE

Plaintiff's claims are barred by the statute of frauds.

### TWENTY-FOURTH DEFENSE

If there was a contract, HMMA has not breached it.

### TWENTY-FIFTH DEFENSE

Plaintiff has failed to properly mitigate his damages.

### TWENTY-SIXTH DEFENSE

HMMA reserves the right to raise the defense of after-acquired evidence.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### TWENTY-EIGHTH DEFENSE

HMMA did not authorize, participate in or ratify any alleged misrepresentation or wrongful act asserted in the Complaint.

## TWENTY-NINETH DEFENSE

HMMA denies that it engaged in malicious, willful, reckless or other conduct which entitles Plaintiff to punitive damages.

## THIRTIETH DEFENSE

Plaintiff is not entitled to compensatory or punitive damages as a matter of law.

## THIRTY-FIRST DEFENSE

Plaintiff's punitive damage claims under Alabama law are subject to the limits and restrictions established by the Alabama Legislature, as set forth in, inter alia, Ala. Code §§ 6-11-20 to 6-11-30.

## THIRTY-SECOND DEFENSE

HMMA denies that it has consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiff or has been guilty of any conduct which entitles Plaintiff to recover punitive damages.

## THIRTY-THIRD DEFENSE

HMMA avers that any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America and the State of Alabama.

## THIRTY-FOURTH DEFENSE

Plaintiff's punitive damages claims are subject to the limitations described in State Farm Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003).

## THIRTY-FIFTH DEFENSE

HMMA is entitled to indemnity and/or contribution from other parties. The Plaintiff's Complaint is defective.

**THIRTY-SIXTH DEFENSE**

Plaintiff has failed to join indispensable parties.

**THIRTY-SEVENTH DEFENSE**

HMMA is entitled to a setoff for all sums of money recovered from any other collateral sources or recovered by or on behalf of Plaintiff by way of any settlement, judgment or otherwise that were entered into or received by Plaintiff from any party or non-party in this action.

Respectfully submitted this 30th day of June, 2006.

        s/ Brian R. Bostick
        TIMOTHY A. PALMER (ASB-6895-L72T)
        J. TRENT SCOFIELD (ASB-1191-E67J)
        BRIAN R. BOSTICK (ASB-3064-K56B)
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203-2118
        (205) 328-1900
        timothy.palmer@odnss.com
        trent.scofield@odnss.com
        brian.bostick@odnss.com

        Attorneys for Defendant Hyundai Motor
        Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on the 30th day of June, 2006, I electronically filed the foregoing Answer of Defendant Hyundai Motor Manufacturing Alabama with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Richard J. Stockham, III, Jeffrey A. Lee, and Wyndall Ivey.

      s/ Brian R. Bostick
      TIMOTHY A. PALMER (ASB-6895-L72T)
      J. TRENT SCOFIELD (ASB-1191-E67J)
      BRIAN R. BOSTICK (ASB-3064-K56B)
      Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
      One Federal Place, Suite 1000
      1819 Fifth Avenue North
      Birmingham, Alabama 35203-2118
      (205) 328-1900
      timothy.palmer@odnss.com
      trent.scofield@odnss.com
      brian.bostick@odnss.com