IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CIVIL ACTION NO. 2:06-CV-568-DRB |
| **HYUNDAI MOTOR COMPANY, HYUNDAI MOBIS, INC. (formerly known as HYUNDAI PRECISION CO), HYUNDAI TRANSLEAD (formerly known as HYUNDAI PRECISION CO), HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC,** | ) |
| **Defendants.** | ) |

## ANSWER OF DEFENDANT HYUNDAI MOTOR AMERICA

COMES NOW, Defendant Hyundai Motor America and answers Plaintiff's Complaint:

1. Upon information and belief, Plaintiff is a resident of Illinois, where he moved to approximately eight days after filing this Complaint.

2. Defendant Hyundai Motor America admits that it has done business in Montgomery County, Alabama. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant is without sufficient knowledge to admit the allegations contained in Paragraph 3 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.   Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.   Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.   Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.   Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint. Therefore, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.   Defendant admits that Keith Duckworth sent Plaintiff a letter on April 26, 2002 and that Plaintiff sent Duckworth a letter on May 3, 2002. Defendant denies the remaining allegations in Paragraph 9 of Plaintiff's Complaint.

10.   Defendant admits that on May 16, 2002, Keith Duckworth sent Plaintiff a letter, which speaks for itself. Unless specifically admitted, any other allegation in Paragraph 10 of Plaintiff's Complaint is denied.

11.   Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.   Defendant admits that Plaintiff was on the payroll of Hyundai Motor America on or about May 22, 2002. Defendant denies the remaining allegations in Paragraph 12 of Plaintiff's Complaint.

13.   Defendant admits that in September 2002, Hyundai Motor Manufacturing of Alabama, LLC employed Plaintiff. Defendant is without sufficient knowledge to admit or deny the

allegations contained in Paragraph 13 of Plaintiff's Complaint.  Therefore, Defendant denies the remaining allegations in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.  Therefore, Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

COUNT I

20.     Defendant adopts and realleges each and every response made in Paragraphs 1-19 as if specifically set out herein.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought.

## COUNT II

23. Defendant adopts and realleges each and every response made in Paragraphs 1-22 as if specifically set out herein.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint and each and every count thereof fails to state a claim against Hyundai Motor America upon which relief can be granted.

### Second Affirmative Defense

Hyundai Motor America denies the material allegations of the Complaint and denies strict proof thereof.

### Third Affirmative Defense

Hyundai Motor America denies that it breached any duty or obligation allegedly owed to Plaintiff.

### Fourth Affirmative Defense

Hyundai Motor America denies that it misrepresented any material fact to Plaintiff or that it omitted to state any material facts to Plaintiff.

### Fifth Affirmative Defense

Hyundai Motor America is not guilty of the matters and things alleged in the Complaint.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Seventh Affirmative Defense

Plaintiff claims are barred in whole or in part by the statute of frauds.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the Plaintiff's lack of reasonable reliance.

### Ninth Affirmative Defense

Hyundai Motor America denies that Plaintiff justifiably or reasonably relied upon any alleged misrepresentation or omission by any Hyundai Motor America agent, or that Plaintiff was damaged as a proximate result of any alleged misrepresentation or omission.

### Tenth Affirmative Defense

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Hyundai Motor America owes no legal responsibility.

### Eleventh Affirmative Defense

Hyundai Motor America did not authorize, participate in or ratify any alleged misrepresentation or wrongful act asserted in the Complaint.

### Twelfth Affirmative Defense

Plaintiff's claims fail in whole or in part because the Plaintiff failed to mitigate damages.

### Thirteenth Affirmative Defense

Hyundai Motor America cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of other Hyundai Motor America agents, employees or servants.

### Fourteenth Affirmative Defense

Hyundai Motor America avers that the actions of the Plaintiff or others over whom Hyundai Motor America had no control and for whom Hyundai Motor America had no responsibility were the sole proximate or contributing proximate cause of the injuries alleged in the Complaint.

### Fifteenth Affirmative Defense

The Complaint fails to allege a claim for which punitive damages can be recovered.

### Sixteenth Affirmative Defense

Plaintiff's claims for the recovery of punitive damages are limited or barred by Ala. Code § 6-11-20 through 6-11-27 (2002 Cum. Supp.).

### Seventeenth Affirmative Defense

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under the applicable state law would violate Hyundai Motor America's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the corresponding provisions of the applicable state constitution.

### Eighteenth Affirmative Defense

Plaintiff's claims for punitive damages cannot be sustained because an award of punitive damages under the appropriate state law without proof of every element beyond a reasonable doubt would violate Hyundai Motor America's substantive and procedural due process rights under the due process provisions of the applicable state constitution.

### Nineteenth Affirmative Defense

Any award of punitive damages based on anything other than Hyundai Motor America's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution, the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the appropriate

state constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Hyundai Motor America from being subject to other judgments awarded with the goal of punishing Hyundai Motor America for the same wrong.  In effect, Hyundai Motor America would receive multiple punishments for the same wrong.

**Twentieth Affirmative Defense**

Any award of punitive damages in this case would violate Hyundai Motor America's rights under the substantive and procedural due process clause of the United States Constitution and corresponding provisions of the applicable state constitution, the excessive fines, clause of the Eighth Amendment to the United States Constitution, the contract clause of Article 2 of the United States Constitution and the Equal Protection Clause of the United States Constitution and corresponding provisions of the applicable state constitution.

**Twenty-First Affirmative Defense**

The applicable state punitive damage system, on its face and as applied violates the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the applicable state constitution.  The system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process.

**Twenty-Second Affirmative Defense**

The applicable state post verdict review is neither meaningful, consistent, nor constitutionally adequate to cure the constitutional defect associated with its punitive damages system.  Any award of punitive damages to Plaintiff under the applicable state law without requiring a bifurcated trial as to all punitive damages issues would violate Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and by the provisions of the applicable state constitution.

### Twenty-Third Affirmative Defense

The applicable state punitive damage system, on its face and as applied, violates the due process clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing express range of penalties established by the legislature. The imposition of a punitive damage award in this case in the absence of explicit particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational.

### Twenty-Fourth Affirmative Defense

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability or joint and several liability violates the due process clause of the Fourteenth Amendment of the United States Constitution.

### Twenty-Fifth Affirmative Defense

The imposition of punitive damages in this case would deny Hyundai Motor America its right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution.

### Twenty-Sixth Affirmative Defense

Defendants specifically incorporates by reference any and all standards or limitations on the determination and/or enforceability of punitive damage awards that arose in the decisions of *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003); *Cooper Indus. Inc. v. Leatherman Tool Group Inc.*, 532 U.S. 434 (2001); and *BMW of North Am. v. Gore*, 116 U.S. 1589 (1996).

### Twenty-Seventh Affirmative Defense

Any award of punitive damages based in whole or in part on the net worth, wealth, or value of assets of Hyundai Motor America would violate its right to equal protection guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the corresponding sections of the pertinent state constitutions.

### Twenty-Eighth Affirmative Defense

The law of joint and several liability is unconstitutional both on its face and as applied to Hyundai Motor America in this case.

### Twenty-Ninth Affirmative Defense

Hyundai Motor America, Inc. is entitled to indemnity and/or contribution from other parties. The Plaintiff's Complaint is defective.

### Thirtieth Affirmative Defense

Plaintiff has failed to join indispensable parties.

### Thirty-First Affirmative Defense

Hyundai Motor America is entitled to a setoff for all sums of money recovered from any other collateral sources or recovered by or on behalf of Plaintiff by way of any settlement, judgment or otherwise that were entered into or received by Plaintiff from any party or non-party in this action.

### Thirty-Second Affirmative Defense

Plaintiff's claim for fraud in the inducement is preempted by the Employment Retirement Income Security Act of 1974.

### Thirty-Third Affirmative Defense

Plaintiff's claims and/or appeal of benefits denial under the plan were untimely.

**Thirty-Fourth Affirmative Defense**

Plaintiff has failed to exhaust his administrative remedies under the terms and conditions of the applicable ERISA plans.

**Thirty-Fifth Affirmative Defense**

Hyundai Motor America denies that Plaintiff is entitled to benefits under the applicable ERISA plans.

**Thirty-Sixth Affirmative Defense**

Hyundai Motor America denies that Plaintiff is entitled to a trial by jury on his claims related to the benefit plans in question.

**Thirty-Seventh Affirmative Defense**

Plaintiff's claims which arise out of or are in any way related to the employee benefit plans in question are subject to resolution solely through the procedures set forth in the plans.

**Thirty-Eighth Affirmative Defense**

Any alleged misrepresentations made by an agent of Hyundai Motor America concerning Plaintiff's employment were ultra vires.

**Thirty-Ninth Affirmative Defense**

No action of Hyundai Motor America proximately caused any injury or damage allegedly suffered by Plaintiff.

**Fortieth Affirmative Defense**

Plaintiff's claims are barred by the doctrine of unclean hands.

**Forty-First Affirmative Defense**

Hyundai Motor America reserves the right to assert other defenses and claims when and if it becomes appropriate during the civil action.

          Respectfully submitted by,

          */s/ Wyndall A. Ivey*
          _____
          Jeffrey A. Lee
          Wyndall A. Ivey
          Attorneys for Defendant Hyundai Motor America

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## CERTIFICATE OF SERVICE

     I hereby certify that on June 30, 2006 a copy of the foregoing pleading was filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Richard J. Stockham, III
Stockham, Stockham & Carroll, P.C.
2204 Lakeshore Drive
Homewood, AL 35209

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 100
1819 Fifth Avenue North
Birmingham, AL 35203-2118

          */s/ Wyndall A. Ivey*
          _____
          OF COUNSEL