IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JUN 26  P 2: 18

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| ROBERT CYRUS<br><br>Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR COMPANY,<br>HYUNDAI MOBIS, INC. (formerly known as HYUNDAI PRECISION CO.),<br>HYUNDAI TRANSLEAD (formerly known as HYUNDAI PRECISION CO.)<br>HYUNDAI MOTOR AMERICA, and<br>HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC,<br><br>Defendants. | CIVIL ACTION NO.:<br><br>2:06CV568 |

## NOTICE OF REMOVAL

COME NOW the defendants, Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA")[1] and Hyundai Motor America (hereinafter "HMA") and pursuant to 28 U.S.C. §§ 1441 and 1446, file this Notice of Removal, together with a copy of all records and proceedings from the state court. In support of the removal, defendants would show the Court as follows:

**A.    Procedural History**

1.    On May 16, 2006, Plaintiff Robert Cyrus filed a complaint against Hyundai Motor Company, Hyundai Mobis, Inc. (formerly known as Hyundai Precision Co.), Hyundai Translead (formerly known as Hyundai Precision Co.) HMA, and HMMA, in the Circuit Court for Montgomery County, Alabama.

---

[1] Incorrectly identified in the complaint as "Hyundai Motor Manufacturing *of* Alabama." (Emphasis added).

2.   On Friday, May 26, 2006, defendants HMMA and HMA were served with the Complaint and Summons. The remaining defendants (Hyundai Motor Company, Hyundai Mobis, Inc., and Hyundai Translead) have not been properly served by the plaintiff and do not have sufficient minimum contacts with the state of Alabama to be properly served.

3.   A copy of all pleadings, process and orders served upon HMA and HMMA is attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446 (a).

**B.   Facts Relevant to this Removal Petition**

4.   Plaintiff alleges that he began working for HMA on May 22, 2002. (Complaint ¶ 12).

5.   Plaintiff alleges that in September of 2002, defendant HMMA was created as a new legal entity and that Plaintiff was thereafter transferred to become an employee of HMMA. (Complaint, ¶ 13).

6.   Plaintiff asserts a breach of contract claim relating solely to unpaid bonuses. (Complaint, ¶ 21). Plaintiff asserts a fraud claim that incorporates each supposed representation that was made to him during the negotiation of his employment arrangement. (Complaint, ¶¶ 23-24).

7.   Plaintiff alleges in the Complaint that he was provided an offer letter by Keith Duckworth of HMA, stating that Plaintiff would be entitled to the benefits a new HMA employee was eligible to receive upon hiring. (Complaint, ¶ 10). Plaintiff further alleges that the offer set out that, when HMMA becomes a viable and legal business entity, his benefits with HMA would cease and his benefits thereafter would be provided by HMMA. (Complaint, ¶ 10). Plaintiff alleges that Duckworth orally told Plaintiff that these benefits were to be "at least the same" as HMA's benefit package. (Id.).

8.      During the time he worked for HMA, Plaintiff participated in the HMA Healthcare Plan, where HMA served as the Plan sponsor. (Exhibit B: Declaration of Greg Kimble, ¶ 2). After transferring to HMMA, Plaintiff became a participant in the HMMA Health and Welfare Plans. (Kimble Decl., ¶ 3). HMMA is the plan sponsor and plan administrator for this ERISA plan. (Id.). Plaintiff's allegation in his Complaint states a contention that he did not receive the same level of benefits under the HMMA healthcare plan that he had previously received under the HMA healthcare plan. (Complaint, ¶ 10, 24-25).

9.      Although not pled with the particularity required by Fed.R.Civ.P. 9(b), Plaintiff's allegation regarding the benefit plans of HMA and HMMA boils down to this: (1) that he was orally promised that the benefits he would receive under the HMMA benefits plans would be the same as the benefits he received under the HMA benefits plans (Complaint, ¶ 10); (2) that this representation was not true (Complaint, ¶¶ 23-24); and (3) that he suffered "pecuniary loss" as a result of the differences in the terms of these benefit plans. (Complaint, ¶ 25).

10.     Plaintiff does not identify in his Complaint the specific benefits about which he complains. In addition to the healthcare plans that Plaintiff specifically had a dispute over, there are several additional ERISA-regulated benefits at HMMA that may be implicated by Plaintiff's vague reference to a "benefit package." (Kimble Decl., ¶ 5). HMMA offers the following ERISA-governed plans: a life insurance plan; a health insurance plan; a salary continuation plan for members of management suffering from short-term disability; a long-term disability plan; and a 401(k) plan which provides pension benefits in the event of retirement. (Id.). Each of these plans have been established and are maintained by HMMA for the purpose of providing the stated benefits to the employees participating in the plans. (Id.) These plans provide only ERISA

benefits to the employees under circumstances such as sickness, accident, disability or death. (Id.).

C. THIS COURT HAS FEDERAL QUESTION JURISDICTION UNDER EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, 29 U.S.C. § 1001 *ET SEQ.*

11. This action is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) (hereinafter "ERISA").

12. Although this action purports to raise only state law claims, it "arises under" the laws of the United States under 28 U.S.C. § 1331 because the preemptive force of ERISA is so strong that "any civil complaint raising this select group of claims is necessarily federal in character." Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). It is, therefore, "removable to federal court by the defendants." Id. at 67.

13. ERISA complete preemption exists when four elements are satisfied. First, there must be a relevant ERISA plan. Second, the plaintiff must have standing to sue under that plan. Third, the defendant must be an ERISA entity. Finally, the Complaint must seek compensatory relief akin to that available under § 502(a);[2] often this will be a claim for benefits due under a plan. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (11th Cir. 1999). Plaintiff's claims against defendants meet each of the four complete preemption requirements under the Butero standard.

14. First, the HMMA benefit plan at issue is an employee benefit plan governed by ERISA. (Kimble Decl., ¶ 3, Ex. 1). 29 U.S.C. § 1002(1) and (2). Second, as an employee of HMMA, Plaintiff has standing to pursue a claim for the benefits he claims he was owed because

---

[2] Section 502(a)(1)(B) provides that a "civil action may be brought . . . by a participant . . . to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

he was a participant under this ERISA plan. (Kimble Decl., ¶ 3). 29 U.S.C. § 1002(7). HMMA is an ERISA entity because it is a plan sponsor for the benefit plan that it has created and maintained for its employees. (Kimble Decl., ¶ 3). 29 U.S.C. § 1002(16)(B). Plaintiff's claims are akin to an effort to recover benefits and enforce his rights under the terms of the plan. Further, his claim that fraudulent statements were made to him about the contents of the HMMA plan is akin to an attempt to clarify his right to future benefits under the terms of the plan.

15.   Plaintiff's second cause of action is a thinly disguised allegation that seeks to enforce his rights and recover benefits that Plaintiff contends were due him under an ERISA plan. Plaintiff contends that Keith Duckworth made an inaccurate description of the contents of and benefits due to Plaintiff under the HMMA Plan. Courts have consistently held that actions concerning misrepresentations about the contents of employee benefit plans are preempted by ERISA. Butero, 174 F.3d at 1213 (holding that "fraud in the inducement is a claim for benefits under § 1132" and that a "claim based on alleged misrepresentation that certain coverage would exist is claim for benefits")(citing Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1350 n.3 (11th Cir. 1998) and Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1029 (11th Cir. 1997)); see also Hall v. Blue Cross and Blue Shield of Alabama, 134 F.3d 1063 (11th Cir. 1998) (Alabama fraud and suppression claims, based on allegations that defendant misrepresented the contents of a health plan, preempted by ERISA); Sanson v. General Motors Corp., 966 F.2d 618 (11th Cir. 1992) (ERISA preempted claim that employer fraudulently misrepresented that benefits under special retirement program would not be offered.), cert. denied, 507 U.S. 984 (1993); Phillips v. Amoco Oil Co., 799 F.2d 1464 (11th Cir. 1986) (ERISA preempted claim that employer fraudulently failed to disclose accurately the terms of a retirement plan).

16. Furthermore, Plaintiff's reliance on these supposed oral statements by Duckworth is an attempt to modify the terms of the Plan by an oral representation. ERISA's requirement that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument," 29 U.S.C. § 1102(a)(1), precludes oral modification of a benefit plan. Nachwalter v. Christie, 805 F.2d 956, 959-961 (11th Cir. 1986).

17. Plaintiff's Complaint is artfully drafted in order to attempt evasion of ERISA preemption. Plaintiff may argue that he has successfully avoided preemption because he has cast his Complaint so as to address only alleged fraudulent statements made prior to the creation of the HMMA plan, but the Eleventh Circuit has made clear that "a plaintiff cannot avoid complete preemption simply by alleging pre-policy fraud only." Cotton v. Massachusetts Mutual Life Ins. Co., 402 F.3d 1267, 1287 (11th Cir. 2005). Plaintiff cleverly omits facts relating to what benefits he was actually granted, but seeks to recover "pecuniary loss" without defining what that loss actually is. No matter how he characterizes it in the complaint, however, Plaintiff's claim is that these benefit plans did not provide him the benefits he thought he was getting. His failure to specifically invoke the exact terms of the plans does not save the claim from ERISA preemption.

18. Plaintiff's allegations make it clear that whatever Plaintiff is entitled to with respect to differing benefits is governed by the terms of the plans at issue.

19. This Court would have original jurisdiction over this action if it had originally been brought in this Court pursuant to 42 U.S.C. § 1331 and/or 1337. Therefore, this case is removable to this Court under 28 U.S.C. § 1441.

20. Alternatively, to the extent that any one or more of Plaintiff's claims does not arise under the laws of the United States, this Court has supplemental jurisdiction over each said claim pursuant to 28 U.S.C. § 1367.

D.  **OTHER REMOVAL REQUIREMENTS**

21.  Service was perfected upon defendants HMMA and HMA on May 26, 2006. Therefore, this Notice of Removal is filed less than 30 days since the first defendant received notice of this action and is timely under 28 U.S.C. § 1446.

22.  Defendants are filing a copy of this Notice of Removal with the Clerk for the Circuit Court of Montgomery County, Alabama, contemporaneously herewith.

23.  If questions arise concerning the propriety of the removal of this action, defendants request that they be allowed to file briefs supporting removal and be heard in oral argument.

Respectfully submitted this 26th day of June, 2006.

_____
JEFFREY A. LEE
WYNDALL IVEY
**MAYNARD, COOPER & GALE, P.C.**
AmSouth/Harbert Plaza
1901 6th Avenue North, Suite 2400
Birmingham, Alabama 35203-2618
(205) 254-1000
jlee@maynardcooper.com
wivey@maynardcooper.com
Attorneys for Defendants Hyundai Motor America,

_____
TIMOTHY A. PALMER
J. TRENT SCOFIELD
BRIAN R. BOSTICK
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
(205) 328-1900
brian.bostick@odnss.com

Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that I served a copy of the foregoing upon all counsel of record by depositing a copy thereof in the United States Mail, properly addressed and first class postage prepaid, on the 26th day of June, 2006, to the following:

Richard J. Stockham, III
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209

_____
OF COUNSEL