IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT CYRUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 06-568-DRB |
| ) | |
| HYUNDAI MOTOR COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S MOTION TO REMAND

Comes now the Plaintiff, Robert Cyrus, and moves the Court to remand this case to State Court and for grounds says that Defendants cannot properly remove this case because this Court does not have subject matter jurisdiction over these parties.

## NO ERISA PREEMPTION

1. Defendants have removed this case alleging Federal question jurisdiction under ERISA. However, ERISA is not implicated in Plaintiff's Complaint and remand is required because the court lacks subject matter jurisdiction. Here, Plaintiff, Robert Cyrus, has sued Defendants in a two count complaint alleging breach of contract for unpaid bonuses and fraud for misrepresentations that induced him to leave his job with Mercedes and come to work for Defendants.

2. Defendants admit that the Complaint does not make any allegations that an ERISA plan is the subject of his complaint. It says "Plaintiff does not identify in his Complaint the specific benefits about which he complains" (Notice of Removal ¶ 10). Defendants then speculate that Plaintiff might be referring to a health plan, a life insurance plan, a salary continuation plan for short term disability, a long term disability plan and a 401K plan. Plaintiff has not alleged these in the Complaint and these are not the basis for Plaintiff's Complaint.

3. Plaintiff's Complaint makes reference to benefits and "benefit package" (Notice of

Removal ¶ 7), and based upon this, Defendants argue that "Plaintiff's second cause of action is a thinly disguised allegation that seeks to enforce his rights and recover benefits that Plaintiff contends were due him under an ERISA plan. Plaintiff contends that Keith Duckworth made an inaccurate description of the contents of and benefits due to Plaintiff under the HMMA plan." (Notice of Removal ¶ 15). Defendants rest their contention for ERISA preemption on allegations that Plaintiff's fraud claim is in fact a claim for ERISA benefits. This is simply not the case. Plaintiff's fraud claim is based upon representations made to him while he was still employed by Mercedes for the purpose of inducing him to quit his work with Mercedes and come to work for Defendants.

4. In ¶ 7 of Plaintiff's Complaint he alleges "Chung told Cyrus that the Korean Vice-President would stay for two years after the new entity was formed and started. Chung promised Cyrus that after the Korean VP left that Cyrus would be promoted to the position of Vice-President of Procurement for the new entity. This <u>promise was a material inducement for Cyrus's decision to quit working for Mercedes Benz and to come to work for defendants</u>."[1] Likewise, Plaintiff alleges in ¶ 11 of the Complaint that, "With respect to the bonus, it was agreed that Cyrus would receive bonuses based on 225% of his monthly salary. This promise of a bonus based on 225% of his monthly salary was a material inducement for Cyrus leaving Mercedes Benz and going to work for defendants."

5. Such false representations have been recognized by Alabama courts to be actionable. See <u>Smith v. Reynolds Metals Co.</u>, 497 So.2d 93 (Ala. 1986); <u>Kidder v. AmSouth</u>, 639 So.29 1361 (Ala. 1994). The elements of a fraud claim are: 1). Duty to speak the truth; 2). A false representation of a material existing fact made intentionally recklessly or innocently; 3). Action upon the false representation by the Plaintiff; 4). Loss, harm or damage proximately resulting in

---

[1] Plaintiff has attached a copy of complaint filed in State Court as the copy of Plaintiff's complaint attached to the Notice of Removal is missing page 3 of the complaint.

the false representation. Kidder at 1362. Here, the fraudulent representation that one will be made a Vice President is one of promissory fraud. See National Security Insurance Co., v. Donaldson, 664 So.2d 871 (Ala. 1985). (fraudulent representation to make one a vice president is promissory fraud). When one is making a claim based on promissory fraud the Plaintiff must prove that at the time of the representation, the Defendant had an intention not to perform the act promised and had an intention to deceive the Plaintiff. National Security Insurance Co., v. Donaldson at 876. So, Plaintiff's claims against Defendants for fraud are claims for promissory fraud.

6. This case is very similar to the Eleventh Circuit case of Forbus v. Sears Roebuck & Co., 958 F.2d 1036 (11th Cir. 1992). There the Forbus court, relying on Smith v. Reynolds Metal Co. 497 So.2d 93 (Ala. 1986), held that the Plaintiffs could sue a Defendant for fraud based upon representations the employer made. It said, "In this case, however, Sears made a new arrangement with the Retirees prior to their termination in which Sears agreed to provide enhanced severance benefits in return for the Retirees' agreement to execute releases and waivers. It is this supplemental contract, offered by Sears and accepted by the Retirees, that the Retirees say they were fraudulently induced to enter and about which they claim misrepresentations were made and facts suppressed." 958 F.3d at 1042.

7. The Eleventh Circuit remanded the case to the District Court which then dismissed the case finding ERISA preemption. The Eleventh Circuit then reversed the District Court again in Forbus v. Sears & Robuck Co., 30 F.3d 1402 (11th Cir. 1994), holding that Plaintiff's fraud claim was not preempted. It said,

> [t]he plaintiffs' claims in this case center on Sears' alleged fraud concerning the elimination of plaintiffs' jobs, not fraud concerning an ERISA plan or any other benefits package. The plaintiffs have not claimed any fraud as it relates to the amount of pension benefits proceeds, nor have the plaintiffs made any allegations that Sears misrepresented the availability of pension benefits to the plaintiffs. Simply put, the plaintiffs contend that Sears lied when it informed them that their jobs were being eliminated.

3

<016> 
<017>

<018>

<019>

<020>

<021>

<022>

<023>

Forbus at 1406. Likewise, the fraud in this case does not involve an ERISA benefit plan, it involves the inducement for Plaintiff to leave his employment with Mercedes Benz and go to work for Defendants.

8.  The Forbus Court particularly noted that this kind of fraud was distinct from that which was preempted in Sanson v. General Motors Corp., 966 F.2d 618 (11th Cir. 1992). It pointed out that the mere existence of an ERISA plan is not enough to necessitate preemption. Forbus, at 1406. Further, the mere fact that Plaintiff's damages may be affected by calculations of pension benefits is not sufficient to warrant preemption. Forbus at 1406-1407. Consequently, here, the Plaintiff's fraud claim does not relate to an ERISA plan, on the contrary it relates to promises about bonuses and being made the Vice President of Procurement which, Plaintiff alleges, Defendants never intended to keep.

9.  The Defendants' focus on Plaintiff's reference to benefit and benefits package is unavailing to their preemption claim. To begin with, Plaintiff identifies the benefits he is referencing in paragraph 9 of Plaintiff's Complaint:

> Cyrus was contacted by Mr. Keith Duckworth, Vice President of Administrative Services for Hyundai Motor America who told him that Mr. Ted Chung had told him all about their discussions. Duckworth then proceeded to negotiate with Cyrus the specifics of the <u>compensation package</u> that Cyrus would be paid. Duckworth sent Cyrus an offer letter, April 26, 2002. Subsequently, <u>Cyrus and Duckworth negotiated concerning the exact compensation: salary, bonus, vacation, vehicle, and relocation expenses.</u> On May 3, 2002, Cyrus clarified these conversations in a letter to Duckworth.

(emphasis added)

Defendants have not alleged that these benefits, outlined in paragraph 9 of Plaintiff's Complaint, constitute any ERISA plan. On the contrary, the declaration of Greg Kimble claims to identify all the HMMA ERISA plans and these are not included. In fact, in order to assert an ERISA preemption Defendants have alleged that Plaintiff's claim for benefits is not identified in the

Complaint. In light of paragraph 9 of the Complaint, Defendants' allegation is incorrect.

10. An additional reason why ERISA preemption is not appropriate in this case is because the alleged ERISA plans which are basis for the preemption claims are plans of HMMA. (See Notice of Removal ¶ 8, 9, 10, 14, 15). HMMA did not exist prior to September 2002. (Plaintiff's Complaint ¶ 13). The group healthcare plan, which Defendants attach as Exhibit 1 to the declaration of Greg Kimble reflects that its effective date was January 1, 2004. The representations which induced Plaintiff to leave his job with Mercedes were made prior to May 22, 2002. (Plaintiff's Complaint ¶ 12). Consequently, the alleged HMMA ERISA plans were not in existence at the time of the representation. So any conceivable fraud claim that would relate to such a plan would be a claim based upon a plan that was not in existence at the time the representations were made and the representations were made by someone who was not a fiduciary of the HMMA ERISA plans.

11. The Eleventh Circuit in <u>Cotton v. Massachusetts Mutual Life Insurance Company</u>, 402 F.3d 1267, 1287 (11th Cir. 2005) stated:

> [h]owever we do think that the fact that misconduct is alleged to have begun at a time when the defendant could not possibly have been acting as an ERISA fiduciary at least suggests that the suit may not be against the insurer-qua-fiduciary.

The Court in <u>Cotton</u> goes on to distinguish in footnote 17 that case from <u>Engelhardt v. Paul Revere Life Ins., Co.</u>, 139 F.3d 1346 (11th Cir. 1998), saying "[t]his distinguishes this case from <u>Engelhardt</u> because the plan in that case was created before the allegedly fraudulent misrepresentations were made." See <u>Engelhardt</u> at 139 F.3d 1353 n. 7. Here Duckworth, and Chung, individuals who were employees of Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America, were not fiduciaries of the HMMA ERISA plans at the time the representations were made because neither HMMA nor the HMMA ERISA plans existed.

12. These individuals, who were representatives of Hyundai Motor Company, Hyundai

Mobis, Inc., Hyundai Translead, and Hyundai Motor America, were very much like the independent insurance agent in Morstein v. National Insurance Services, Inc., 93 F. 3d 715 (Cir. 1993). There the Eleventh Circuit recognized that the independent insurance agent and agency were not ERISA entities. See Morstein at 722. The ERISA entities are the employer, the plan, the plan fiduciaries and the beneficiaries under the plan. See Morstein 722. The Morstein court pointed out that the agent and agency had no control over the payment of benefits or determination of Plaintiff's rights under the plan. Morstein 722-723.

13. Similarly, Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America are not ERISA entities with regard to the HMMA ERISA plans. The Morstein court held:

> Although the remedy sought may affect the plan in that Morstein's damages (should she successfully prevail on her claims) against Hankins and/or the Shaw Agency may be measured based on what she would have received under her old plan, such indirect relation between a beneficiary and the plan is not enough for preemption. Forbus at 30 F.3d 1406-07. (noting that "the mere fact that the plaintiff's damages may be affected by a calculation of pension benefits is not sufficient to warrant preemption."); *see also* Smith v. Texas Children's Hosp, 84 F.3d 152, 155 (5th Cir. 1996). The Supreme Court in New York Blues made it clear that economic impact alone is not necessarily enough to preempt a state law. New York Blues, 514 U.S. at — 115 S. Ct. at 683.

Morstein, 93 F.3d at 723

14. So, because the entities that made the misrepresentations to the Plaintiff in this case were not ERISA entities, and because when the misrepresentations where made the ERISA plan which Defendants allege preempt Plaintiff's claims did not even exist, under Morstein and Cotton, Plaintiff's claims are not preempted.

## CONCLUSION

For these reasons ERISA does not preempt Plaintiff's fraud claims so the Court lacks subject matter jurisdiction of this case. Plaintiff submits the court should remand this case to State

6

Court for the reasons cited.

          Respectfully submitted,

          s/Richard J. Stockham III
          ASB-5599-k43r
          Attorney for the Plaintiff
          Stockham, Carroll & Smith, P.C.
          2204 Lakeshore Drive, Suite 114
          Birmingham, Alabama 35209
          Telephone (205) 879-9954
          Fax: (205) 879-9990
          E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT CYRUS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>HYUNDAI MOTOR COMPANY, )<br>et al., )<br>)<br>Defendants. ) | Civil Action No.: 06-568-DRB |

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR**
**HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR**
**HYUNDAI MOTOR MANUFACTURING**
**OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield
Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR**
**HYUNDAI MOTOR COMPANY**

_____

        s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com