IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS** <br><br> **Plaintiff,** <br><br> vs. <br><br> **HYUNDAI MOTOR COMPANY, HYUNDAI MOBIS, INC. (formerly known as HYUNDAI PRECISION CO.), HYUNDAI TRANSLEAD (formerly known as HYUNDAI PRECISION CO.) HYUNDAI MOTOR AMERICA, and HYUNDAI MOTOR MANUFACTURING OF ALABAMA, LLC,** <br><br> **Defendants.** | **CIVIL ACTION NO.:** <br><br> **2:06-cv-568-DRB** |

## MOTION OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC FOR JUDGMENT ON THE PLEADINGS AS TO COUNT TWO OF PLAINTIFF'S COMPLAINT

Comes now defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and moves this Court to enter judgment in its favor on Count Two of the Plaintiff's Complaint. HMMA states that this motion is due to be granted for the following reasons:

1. This Court has jurisdiction to consider the merits of Plaintiff's claims because federal question jurisdiction exists. The determination as to whether the Court has jurisdiction is based upon the claims before the Court at the time the removal petition is filed. See Maseda v. Honda Corp., 861 F.2d 1248, 1253 (11th Cir. 1988). At the time the removal petition was filed in this case, Plaintiff's Complaint included an allegation that his fraud claim encompassed misrepresentations regarding a "benefit package" and "benefits." (Complaint, ¶10). Through

this allegation, Plaintiff sought to challenge the difference in benefits he received under the Hyundai Motor America ("HMA") and HMMA healthcare plans, which constitutes a claim under ERISA.  The mere fact that Plaintiff artfully drafted his Complaint to refer vaguely to "benefits" or a "benefit package" does not allow him to avoid preemption where the undisputed facts clearly reveal that he is pursuing claims based on these ERISA plans.

2. Plaintiff now attempts to disavow or abandon any claim that would implicate these ERISA plans in his Motion to Remand.  Post-removal actions, such as the abandonment of a claim, do not divest the court of jurisdiction, however. Poole v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290-91 (11th Cir. 2000).

3. Plaintiff represents to the Court the following limitations that he belatedly seeks to place on his fraud claim:  "Plaintiff's fraud claim is based upon representations made to him while he was still employed by Mercedes for the purpose of inducing him to quit his work with Mercedes and come to work for Defendants." (Motion to Remand, ¶ 3).  Plaintiff goes on to state in the Motion that "HMMA did not exist prior to September 2002 … [and] the representations which induced Plaintiff to leave his job with Mercedes were made prior to May 22, 2002." (Motion to Remand, ¶10).  Plaintiff alleges that he is pursuing claims based only on representations made by employees of "Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America. . . ." (Id. ¶11).  Thus, the pleadings in this case clearly reveal that Plaintiff is abandoning any fraud claim based upon any supposed false representations made by HMMA employees and any fraud claims regarding representations made about the HMA and HMMA healthcare plans.

4. A party is bound by representations made by his counsel in brief, and is estopped from taking a position later in the litigation that is inconsistent with that position.  See Link v.

Wabash R.R. Co., 370 U.S. 626, 633-34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'") (quoting Smith v. Ayer, 101 U.S. 320, 326 (1879)); Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994)("A court can appropriately treat statements in briefs as binding judicial admissions of fact."); Hughes Communs. Galaxy, Inc. v. United States, 34 Fed. Cl. 623, 632 n.8 (U.S. Claims Ct. 1995)("Counsel's statements in briefs can estop the client from subsequently taking a different position.").

    5.    The Plaintiff here seeks to divest the Court of jurisdiction by abandoning a claim just like the plaintiff did in Super Sack Mfg. Corp. v. Chase Packaging Corp., 57 F.3d 1054 (Fed Cir. 1995), cert. denied, 516 U.S. 1093 (1996), but as stated supra, post removal acts cannot divest the Court of jurisdiction. In that case, the plaintiff brought patent infringement claims against the defendant, and the defendant thereafter filed counterclaims seeking a declaratory injunction of noninfringement and patent invalidity. During the course of the litigation, the plaintiff decided that it no longer desired to pursue its claims and sought to divest the court of jurisdiction by removing any possible "actual controversy," a requirement for any court to have jurisdiction. The plaintiff effectuated this intent by stating in a motion to dismiss that it was abandoning any claims for patent infringement against the defendant and was unconditionally agreeing not to sue the defendant for any such claims. The Court rejected the defendant's argument that the statements of counsel in brief were not sufficient to bind the plaintiff, and held that "Super Sack cannot free itself of the estoppel that its counsel has created with respect to

3

Chase merely by retaining different counsel, and no rule of agency law with which we are familiar can relieve Super Sack of estoppel on the ground that its current counsel acted ultra vires. . . . Super Sack itself is bound, both now and in the future, by its promise not to sue Chase." Super Sack, 57 F.3d at 1059. The Court, therefore, dismissed the case with prejudice based upon the representations made by the plaintiff in its motion.

      6.    Just as in Super Sack, Plaintiff has created an estoppel of any potential claim against HMMA by limiting his fraud claim to only those representations made at a time before HMMA even existed. To establish a fraud claim against HMMA, Plaintiff must prove that a false representation was made to him by that particular Defendant. See Bryant v. Southern Energy Homes, Inc., 682 So.2d 3, 4 (Ala. 1996)(affirming grant of summary judgment where there was no evidence that any "agent, servant, or employee" of the defendant made a false representation to the plaintiff). Obviously, HMMA did not make any such representation to the Plaintiff because he has limited his claim to include only representations made before the creation of HMMA. Given Plaintiff's position taken in his Motion to Remand, Plaintiff is estopped from establishing this required evidence as a matter of law. This Court should follow the same course as the Court in Super Sack and dismiss Count II of the Plaintiff's Complaint, with prejudice, as to Defendant HMMA.

**WHEREFORE**, Defendant Hyundai Motor Manufacturing Alabama, LLC respectfully requests that this Court enter judgment on the pleadings in favor of HMMA on Count Two of Plaintiff's Complaint.

    /s/ Brian R. Bostick  
    TIMOTHY A. PALMER (PAL009)  
    J. TRENT SCOFIELD (SCO024)  
    BRIAN R. BOSTICK (BOS015)

Case 2:06-cv-00568-WKW-TFM   Document 8   Filed 07/31/2006   Page 5 of 5

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

### CERTIFICATE OF SERVICE

    I hereby certify that on the 31st day of July 2006, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey.

/s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

4240872.1

5