IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CIVIL ACTION NO. 2:06-568-WKW |
| HYUNDAI MOTOR COMPANY, | ) |
| HYUNDAI MOBIS, INC. (formerly known as | ) |
| HYUNDAI PRECISION CO), HYUNDAI | ) |
| TRANSLEAD (formerly known as | ) |
| HYUNDAI PRECISION CO), HYUNDAI | ) |
| MOTOR AMERICA, and HYUNDAI | ) |
| MOTOR MANUFACTURING OF | ) |
| ALABAMA, LLC, | ) |
| | ) |
| Defendants. | ) |

## HYUNDAI MOTOR AMERICA'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Comes now Defendant Hyundai Motor America ("HMA") and files its opposition to Plaintiff's Motion to Remand. In support of this opposition, HMA shows unto the court the following:

1. U.S.C. §1447 (c) delineates two grounds for remanding a removed case to state court: (1) lack of subject matter jurisdiction; or (2) procedural defect in the removal of the case. *Russell Corp. v. American Home Assurance Co.*, 264 F. 3d 1040, 1043 (11th Cir. 2001). Specifically, § 1447(c) states:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). Plaintiff's Motion to Remand does not allege any procedural defect in the removal and only challenges this Court's subject matter jurisdiction. Defendants properly

removed this matter to this court because of the preemption provision of the Employment Retirement Income Security Act of 1974 ("ERISA").

## BACKGROUND

2.    HMA hired Plaintiff, Robert Cyrus, in May 2002. (Compl. ¶ 12). Plaintiff's employment with HMA ended in September 2002, when plaintiff began working for Hyundai Motor Manufacturing of Alabama, LLC. (Compl. ¶ 13). HMA and Plaintiff have not had any interaction since his employment with HMA ended nearly four years ago.

3.    Before beginning to work for HMA, Plaintiff and HMA discussed salary and other benefits Plaintiff would receive, while employed with HMA. The "benefit package" referenced in Plaintiff's Complaint included, bonus eligibility, vacation, vehicle lease, group medical, life, long term disability, 401 (k) plan, pension plan, travel accident, insurance, vision care insurance and dental care insurance.

4.    The essence of Plaintiff's Motion to Remand is that (1) Defendants failed to allege that HMA's benefit plans are regulated by ERISA and (2) Plaintiff's Complain does not seek damages for ERISA benefits.

### Plaintiff Participated in HMA ERISA Plans

5.    The Eleventh Circuit provides that ERISA claims arise under federal law. *Slamen v. Paul Revere Life Ins. Co.*, 166 F.3d 1102, 1104 (11th Cir. 1999). Thus, if the complaint seems to or specifically does allege ERISA claims, removal to federal court is a proper basis for federal subject matter jurisdiction.

6.    ERISA defines an employee welfare benefit plan as:

> Any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or maintained for the purpose of

> providing for its participants or their beneficiaries, through the purchase of insurance or otherwise.

29 U.S.C. § 1002(1) (1996). In general terms, *Donovan v. Dillingham* lists five requirements that a defendant must establish for a benefit plan to fall under ERISA: (1) a plan, fund, or program (2) established or maintained (3) by an employer or an employee (4) for the purpose of providing medical [care] or disability (5) to participants or their beneficiaries. *See Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982). Eileen Eimerman's Declaration satisfies the five requirements identified in *Donovan*. Eimermann's Declaration is attached hereto as Exhibit A.

7. During Plaintiff's employment with HMA, Plaintiff participated in the Life and Medical Plan of Hyundai Motor America, Plan 501 and was eligible to receive benefits under the plan as a HMA employee. (Eimermann Decl., ¶ 2 & 3). HMA serves as the plan sponsor and administrator. (*Id.*).

8. The Life and Medical Plan of Hyundai Motor America, Plan 501 is regulated exclusively by ERISA. (Eimermann Decl. ¶ 3). In addition to the Life and Medical Plan of Hyundai Motor America, Plan 501, Plaintiff received other benefits governed by ERISA. (*Id.* at ¶ 4). These benefits included a short term disability plan, a long-term disability plan, a 401 (k) plan and pension plan which provided retirement benefits. (*Id.*).

9. Each of these plans have been established and are maintained by HMA for the purpose of providing the stated benefits to the employee participating in the various plans. (Eimermann Decl. ¶ 4). HMA benefit plans discussed above, fall under ERISA.

### Plaintiff Cannot Clarify or Amend his Complaint to Defeat Removal

10. Removal is based on the assumption that plaintiff's claim could have originally been filed in federal court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Therefore, in determining whether removal was proper and a subsequent remand to state court is inappropriate, it is necessary to examine the original complaint. Accordingly, the Eleventh Circuit provides that whether the district court has subject matter jurisdiction because of a federal question "is governed by the well-pleaded complaint rule…[providing] that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002) (*quoting Caterpiller Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

11.  A quandary arises, however, when the original complaint is exceedingly general and a federal question is thus inferred, but the plaintiff contends that only state law claims were asserted. While not addressing this issue pursuant to ERISA specifically, the Eleventh Circuit conducted an appropriate analysis under federal securities laws (within the scope of SLUSA). *Id.*

12.  In *Behlen*, the defendants removed the case to district court based on the belief that, although not specifically asserted in the original complaint, the action actually alleged federal securities laws violations conferring federal subject matter jurisdiction. *Id.* In determining whether original removal was proper, the court noted that the United States Supreme Court has acknowledged the complete preemption doctrine as an "independent corollary to the well-pleaded complaint rule." *Id.* (*citing Caterpillar,* 482 U.S. at 393). Under the complete preemption doctrine, "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule." *Behlen*, 311 F.3d at 1090 (*quoting Caterpillar,* 482 U.S. at 393). Thus, under this doctrine, the pre-empted state law claim is considered a federal claim, arising

under federal subject matter jurisdiction. *Behlen,* 311 F.3d at 1090 (*citing Caterpillar,* 482 U.S. at 393).

13. In *Behlen*, the plaintiff argued that, although removal appeared appropriate based on the complete preemption doctrine, the action should have nonetheless been remanded to state court after Plaintiff amended his complaint. *Behlen,* 311 F.3d at 1095. The amended complaint ultimately removed all the allegations that inferably fell within the scope of federal securities laws. *Id.* Thus, based on section 1447(c), the case should have been remanded because the district court lacked federal subject matter jurisdiction. *See Id.*

14. The court determined that remand was improper, noting that if the district court had subject matter jurisdiction "at the time of removal, **subsequent acts** do not divest the court of its jurisdiction over the action." *Id.* (*citing Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000)(emphasis added)). Thus, it is irrelevant whether the plaintiff clarifies or actually amends the complaint to remove the federal question, the court has discretion to retain jurisdiction over the state law claims. Here, Plaintiff is attempting to clarify or through the Motion to Remand amend his Complaint by abandoning his claim for ERISA benefits.

15. In the instant cause of action, plaintiff relies on *Forbus v. Sears*, holding that "the mere fact that the plaintiffs' damages may be affected by a calculation of [ERISA] benefits is not sufficient to warrant preemption." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1406-07 (11th Cir. 1994). *Forbus* is clearly distinguishable on the ground that the plaintiff in *Forbus* claimed fraud as relating to the closing of a plant. *Id.* at 1404. In the instant cause of action, plaintiff is claiming fraud as it relates to benefits packages and alleged promises made to induce Plaintiff to switch employers.

16. The Plaintiff overlooks the fact that Alabama courts have specifically distinguished *Forbus* on the exact grounds the plaintiff seeks to invoke. In *Webster v. Dow United Technologies Composite Products Inc.* the court concluded that ERISA preemption was proper when the "plaintiff's claim for damages necessitates construing the terms of the ERISA plan providing the benefits." *Webster v. Dow United Tech. Composite Products, Inc.*, 925 F. Supp. 727, 730 (M.D. Ala. 1996). Thus, when the plaintiffs claim for damages requires the interpretation of the ERISA plan, preemption is warranted providing the federal court with subject matter jurisdiction. *See id.*

17. Additionally, *Robinson v. Fikes* provides the precedent relied on in *Webster*. The court in *Robinson* provided that "ERISA'a preemption clause explicitly preempts any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan." *Robinson v. Fikes*, 804 F. Supp. 277, 280 (M.D. Ala. 1992). Generally, the court construes the term "relate to" as having a connection with or reference to an ERISA plan. *Id.* Thus, a state law "may be preempted even if it has only an indirect effect on benefit plans." *Id.* (*citing Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133 (1990)).

18. The court in *Robinson* concluded that federal subject matter jurisdiction was proper because the state law claims were sufficiently preempted. *Id.* at 282. In reaching this conclusion, the court relied on the application of Supreme Court holdings identifying three specific categories of cases conferring ERISA preemption. *Id.* at 281. As applicable to the instant cause of action, the pertinent categories are "those state law claims for which ERISA provides a specific avenue of relief…[and] those that would require a construction of the benefit plan." *Id.* at 282 (*citing Consumer Benefits Assoc. v. Lexington Ins. Co.*, 731 F. Supp. 1510, 1515 (M.D. Ala. 1990)). Consequently, the court in *Robinson* held that the state law claims must

be preempted because "in order to calculate what, if any, damages Robinson incurred…[from] breach of contract, negligent failure to provide insurance, and fraud…require a construction of the terms of the [ERISA] plan." *Robinson*, 804 F. Supp. at 283.  Although the plaintiff in *Robinson* contended that the claim was merely based on a separate employment contract, the court recognized that "a plan participant's attempt to recover additional or supplemental benefits from his employer 'necessarily falls within the intended scope' [of ERISA preemption]." *Id.* at 284.  Thus, removal was appropriate and remand denied.

19.     Plaintiff cannot abandon claims that gives this Court subject matter jurisdiction to defeat removal.  The Plaintiff's Complaint includes claims for benefits under an ERISA plan thus conferring subject matter jurisdiction on this Court and the Court should exercise supplemental jurisdiction on the other claims in Plaintiff's Complaint.

WHEREFORE, Defendant Hyundai Motor America opposes Plaintiff's Motion to Remand and asks this Court to retain the jurisdiction.

Respectfully submitted by,

*/s/ Wyndall A. Ivey*
_____

Jeffrey A. Lee
Wyndall A. Ivey
Attorneys for Defendant Hyundai Motor America

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2006 a copy of the foregoing pleading was filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following:

Richard J. Stockham, III
Stockham, Stockham & Carroll, P.C.
2204 Lakeshore Drive
Homewood, AL  35209

Timothy A. Palmer
J. Trent Scofield
Brian R. Bostick
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Federal Place, Suite 100
1819 Fifth Avenue North
Birmingham, AL  35203-2118

                                            */s/ Wyndall A. Ivey*
                                            _____
                                            OF COUNSEL