IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT CYRUS,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )        Civil Action No.: 06-568-DRB
                                       )
HYUNDAI MOTOR COMPANY,                 )
et al.,                                )
                                       )
        Defendants.                    )

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA LLC'S MOTION FOR
JUDGMENT ON THE PLEADINGS

Plaintiff Robert Cyrus submits this in opposition to Defendant HMMA's

Motion for Judgment on the Pleadings:

STANDARD OF REVIEW

1.      Defendant's Motion for Judgment on the Pleadings is appropriate only

if there are no material facts in dispute and the moving party is entitle to judgment as

a matter of law.  Riccard v. Prudential Ins., Co., 307 F.3d 1277, 1291 (11th Cir.2002).

The court must view the facts in the light most favorable to the non-moving party and

can grant the motion only if the non- movant can prove "no set of facts" which would

allow it to prevail.  Horsley v. Feldt, 304 F.3d 1125, 1131 (11th Cir. 2002).

I.    THE COURT SHOULD REMAND THE CASE BECAUSE
        ALL AGREE THERE ARE NO FEDERAL CLAIMS IN THE CASE

2.    HMMA argued in its Removal Petition that federal jurisdiction here is based on ERISA. It argued that Plaintiff Cyrus's inclusion of references to a benefit package and benefits in his fraud claim were intentionally vague references to an ERISA plan, concluding that this was the result of Plaintiff's artful drafting of his complaint. (Removal Petition p.6, see also HMMA motion for judgment on the pleadings ¶1)  However, after Cyrus filed a Motion to Remand, specifically pointing out that the benefits and benefit package he was referencing in ¶10 of the complaint were those previously identified in ¶ 9 of the complaint as being the package of salary, bonus, vacation, vehicle and relocation expenses (Motion to Remand ¶ 9), HMMA now argues that Plaintiff has abandoned the vague, artfully plead ERISA claim.

3.    HMMA has artfully 'found' an ERISA claim, which HMMA admits was not on the face of the complaint, and used it as the basis for removal. It now artfully asserts that Cyrus has abandoned this claim.  HMMA does this so that it can insist on federal jurisdiction. What HMMA tacitly admits, despite all of its sleight of hand, is that now,  at the beginning of the litigation, before any disclosure has been made, before any discovery begun, there is no federal question to be litigated in the lawsuit.

4.     Defendant HMMA nevertheless argues that by virtue of the vague and artful pleading which disguised an ERISA claim, and its alleged abandonment, defendants should   litigate these exclusively state law claims in federal court. However, it is well established that a Defendant's pleading cannot create jurisdiction. Whether a claim "arises under" federal law is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the Plaintiff's properly plead complaint. <u>Caterpillar, Inc., v. Williams</u>, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L Ed. 2d 318 (1987).   The Plaintiff is the master of the claim; he may avoid federal jurisdiction by exclusive reliance on state law even where a federal claim is also available.  Id.  See also <u>Holmes Group, Inc., v.  Vornado Air Circulations Systems, Inc.</u>, 122 S. Ct. 1889, 1893 (2002) (the Supreme Court reaffirmed the <u>Caterpillar</u> decision and further expanded the well-pleaded complaint rule).

5.     By Defendant HMMA's own admission Plaintiff Cyrus's well-pleaded complaint does not make a claim for ERISA benefits. This is why HMMA calls it vague and artfully pleaded. Neither Defendant HMMA or Defendant Honda Motor America allege or offer evidence that they have ERISA plans that relate to the benefits identified in Plaintiff Cyrus's complaint ¶ 9 of salary, bonus, vacation, vehicles and relocation expenses.  Consequently, under the well-pleaded complaint

rule, Plaintiff's complaint is entitled to the be considered in light of the clear facts and claims Plaintiff alleges and not the claims based on "artful pleading" Defendant HMMA argues Plaintiff initially plead and then abandoned.

6.    Plaintiff specifically denies that he has abandoned any of the claims that he has plead in his complaint. But even assuming *arguendo* that he did, the case law HMMA relies on does not support its contention that this court should retain jurisdiction now that it is clear that only state law claims are the subject of the litigation.  HMMA argues that post-removal actions where a Plaintiff abandons a claim does not divest the court of jurisdiction.  Poole (sic) v. American - Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000). (HMMA Motion ¶ 2).  Poole, (sic) does not say this.  In Poore v. American - Amicable Life Insurance Company of Texas, 218 F.3d 1287, 1290-91 (11th Cir. 2000), the issue addressed was whether the federal court lost jurisdiction when events post-removal in a diversity case brought the amount recoverable below the diversity threshold amount. (Poore at 1290-91)  However, the Poore court noted in footnote 2 that other post-removal events may divest the court of jurisdiction, citing  In re Merrimack Mutual Fire Insurance Company, 587 F.2d 642-646 (5th Cir. 1978).

7.    Similarly, in Super Sack Manufacturing Corp. v.  Chase Packaging Corp., 57 F.3d 1054 (Fed. Cir. 1985), a case Defendant HMMA relies heavily on,

4

Plaintiff, Super Sack, sued Defendant, Chase, for infringing patents (the basis for federal jurisdiction). Chase counterclaimed for declaratory judgment claiming invalidity and unenforceability due to inequitable conduct. Super Sack abandoned its patent claims and filed a Motion to Dismiss asserting that the court lacked jurisdiction because there was no case or controversy since it unconditionally agreed not to sue Chase for infringement on the patents. The district court dismissed the case and Chase appealed claiming that Super Sack's abandonment of its patent claim had not divested the court of subject matter jurisdiction. The Super Sack Court affirmed the trial judge.

8.    In Maseda v. Honda Motor Company LTD, 861 F.2d 1248, 1253-4 (11th Cir. 1988), another case upon which Defendant HMMA relies, the Court held:

> Although the removal of the cross-claim was proper, the issue remains whether the federal court lost its jurisdiction when the plaintiffs and Honda settled. Typically, the propriety of removal is evaluated at the time the petition for removal is filed. In re Carter, 618 F.2d 1093, 1101 (5th Cir.) cert. denied, 450 U.S. 949, 101 S.Ct. 1410, 67 L.Ed.2d 378 (1980). However, we have recognized that the remand statute, § 1447(c) permits a case's reexamination after the time of removal to determine whether jurisdiction has been lost due to post-removal developments. IMFC Professional, Etc. v. Latin Am. Home Health, 676 F.2d 152, 157 (5th Cir.1982). Indeed, in discussing pendent jurisdiction the Supreme Court indicated that where the main claim out of which the cross-claim arises is dismissed early in the litigation, perhaps the court also should dismiss the cross-claim if no diversity of citizenship exists between the codefendants and the cross-claim arises under state law. United Mine Workers of America v. Gibbs, 383 U.S.

715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

9.     The IMFC Court, analyzing the remand statute, held that "we conclude that s 1447(c) does not preclude examination of post-removal developments to determine whether jurisdiction has been lost." IMFC Professional, Etc., 676 F.2d 152 (5th Cir. 1982).

10.     In light of the foregoing, even if the Court were to conclude that Plaintiff's well-pleaded complaint initially included an ERISA claim, Defendant HMMA now admits, this early in the litigation, that  there is no ERISA claim remaining. Plaintiff Cyrus submits the Court should follow the suggestion in Maseda, following Gibbs, that where the main claim that provided Federal subject matter jurisdiction is dismissed early, the Court should remand the case to the state court.

11.     Additionally, assuming arguendo that the Court concludes that there once was an ERISA claim that has now been abandoned, Plaintiff Cyrus submits that at this early stage the Court should exercise its discretion and remand the case as there are now only nonfederal claims. See IMFC at 160.

12.     The fact is, Plaintiff never made an ERISA claim, artfully pleaded, vaguely plead, or otherwise. Either way, it is undisputed now that there are no federal claims in the litigation. Because of that Plaintiff Cyrus submits the Court should

remand the case to state court for further proceedings.

II.    DEFENDANT HMMA HAS LIABILITY FOR FRAUDLENT
REPRESENTATIONS MADE BY ITS PREDECESSOR OR PARENT
CORPORATIONS UNDER THE THEORY OF SUCCESSOR LIABILITY

13.    HMMA argues that because it was not in existence at the time the

misrepresentations were made to Plaintiff that it cannot be liable for Plaintiff's fraud

claims.  However, the case law which it cites does not support this.  The case law

which it cites, Bryant v. Southern Energy Homes, Inc., 682 So. 2d 3 (Ala. 1996),

holds that where none of the agents, servants, or employees of the corporation made

any representation to the Plaintiff there can be no fraud claim.  There, the Bryant was

relying on an implied misrepresentation theory.  That is not the case here.  Here,

Defendant HMMA is a successor or subsidiary corporation and Cyrus's claims are

based on misconduct by the parents and/or the predecessors.

14.    In Bryant, Southern Energy Homes was the manufacturer, not the seller.

There any  misrepresentations were made by the seller, Hart's Mobile Home Sales,

an independent entity.  Here, HMMA is not an independent entity.  It is a successor

to the corporations that made the misrepresentations.  As alleged in the complaint,

Plaintiff was hired by Hyundai Motor America, Hyundai Motor America, and

Hyundai Precision for a job in a to-be- created company.  This to-be-created company

became HMMA.  The representations were made specifically in reference to this

7

successor and/or subsidiary of Hyundai Motor America, Hyundai Motor Company, and/or Hyundai Precision Co. (Complaint¶¶ 4-12).

15.    Alabama courts have held that successor corporations are liable for torts of their predecessors.  Here Plaintiff Cyrus has alleged that false representations were made to him by agents/employees of the parent/predecessor corporation, Hyundai Motor Company (Mr. Ted Chung and Mr. Keith Duckworth), parent/predecessor corporation, Hyundai Motor America (Mr. Keith Duckworth), and parent/predecessor corporation, Hyundai Precession Company (Mr. Ted Chung).

16    The Complaint at ¶ 4 alleges that Mr. Ted Chung, Executive Vice President of Hyundai Motor Company, as well as Executive Vice President of Hyundai Precision Company, came to Alabama to speak with the Plaintiff about coming to work for Hyundai.  Chung told Cyrus that if he would come to work for Hyundai that his employment would be initially with Hyundai Motor America for administrative purposes and then he would become an employee with the new legal entity at Hyundai to run the manufacturing plant for the Santa Fe and Sonata project. (complaint ¶ 6).  This new entity is Defendant HMMA.  Ted Chung became Vice President for HMMA.  (Plaintiff's complaint ¶ 13).  HMMA merely continued the work of the manufacturing plant for the Santa Fe and the Sonata project.  So, unlike Bryant Chung, who made the misrepresentations, became an executive officer of

HMMA.

17.    Mr. Keith Duckworth, Vice President of Motor America, also made representations to Plaintiff and confirmed conversations Plaintiff had with Chung. (Plaintiff's complaint ¶ 9 and 10).  Based on the allegations in Plaintiff's complaint plaintiff has raised sufficient issues to permit plaintiff to proceed against HMMA on his fraud claim against HMMA due to its status as successor/ subsidiary corporation to Hyundai Motor Co., and/or Hyundai Motor America, and/or Hyundai Precision Co.

18.    In Alabama a corporation has successor liability for the torts of its predecessor where, as alleged here, its business is a continuation of the old business. See Rivers v. Stihl, Inc., 434 So.2d 766, 771-2 (Ala. 1983); Clardy v. Sanders,  551 So. 2d 1057, 1062 (Ala. 1989).  Similarly,  Plaintiff has alleged that he was hired by Hyundai Motor Company and Hyundai Precision, and, for administrative purposes, Hyundai Motor America, to work on the Santa Fe and Sinata projects.  (Plaintiff's Complaint   ¶ 6).   Duckworth and Chung, agents for those predecessor/parent companies,  made the representations upon which Plaintiff Cyrus relied.  HMMA is a successor/subsidiary corporation of these companies with respect to continuing the old business of the Santa Fe and Sonata project. Consequently, HMMA has successor liability for tortious representations made by Duckworth and Chung.

19.    With respect to parent/subsidiary liability for fraud, the Alabama

9

Supreme Court in <u>Environment Waste Control, Inc., v. Browning Ferris Industries, Inc.</u>, 711 So. 2d 912 (Ala. 1997), reversed summary judgment against both the parent and subsidiary corporation on promissory fraud where the parent corporation was involved in the tortious conduct. Here HMMA's contention that because it did not exist at the time the misrepresentations were made is not sufficient to preclude Plaintiff from adducing facts, in discovery, showing that, under Alabama law, it is a successor and/or subsidiary with successor/subsidiary liability.

20.    Given that the standard on a Motion for Judgment on the Pleadings puts the burden on the Defendant to show that there is no set of facts under which Plaintiff can recover, and given that Plaintiff's allegations in the complaint  under Alabama law will likely make HMMA a successor/subsidiary corporation to those corporations that made the misrepresentations, and so liable for the fraud , Plaintiff Cyrus submits that Defendant HMMA has not met its very heavy burden.

<u>CONCLUSION</u>

Plaintiff Cyrus requests the Court deny the Defendant HMMA's motion and remand the case to state court so that he may proceed  on his state court claims.

10

Respectfully submitted,


s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114

Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| ROBERT CYRUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: 06-568-DRB |
| | ) | |
| HYUNDAI MOTOR COMPANY, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR
HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR
HYUNDAI MOTOR MANUFACTURING
OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield

12

Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR
HYUNDAI MOTOR COMPANY**

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114

Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com