**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ROBERT CYRUS<br><br>    **Plaintiff,**<br><br>vs.<br><br>**HYUNDAI MOTOR COMPANY,<br>HYUNDAI MOBIS, INC. (formerly known<br>as HYUNDAI PRECISION CO.),<br>HYUNDAI TRANSLEAD (formerly known<br>as HYUNDAI PRECISION CO.)<br>HYUNDAI MOTOR AMERICA, and<br>HYUNDAI MOTOR MANUFACTURING<br>OF ALABAMA, LLC,**<br><br>    **Defendants.** | **CIVIL ACTION NO.:**<br><br>**2:06-cv-568-WKW** |

**REPLY BRIEF OF DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA, LLC IN SUPPORT OF ITS MOTION FOR
JUDGMENT ON THE PLEADINGS AS TO COUNT TWO OF PLAINTIFF'S
COMPLAINT**

Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), respectfully

submits that Plaintiff has failed to present this Court with any evidence or legal precedent that

would allow him to continue pursuit of his fraud claim against HMMA.  HMMA submits that its

Motion for Judgment on the Pleadings as to Count Two of Plaintiff's Complaint is due to be

granted for the following reasons:

**A.    Plaintiff Has Not Offered Any Record Evidence to Rebut the Conclusive Evidence
       Presented by HMMA that Plaintiff is Asserting ERISA Claims**

It should not go without notice that the thrust of Plaintiff's opposition focuses, not on the

merits of his fraud claim, but on an argument that this Court should decline to exercise

jurisdiction and not even consider HMMA's motion.  Plaintiff's suggestion that he can avoid

ERISA preemption by disguising the true purpose of his claims has been uniformly rejected by the courts. Romick v. Bekins Van & Storage Co., 197 F.2d 369, 370 (5th Cir. 1952) (citing Great Northern Ry. Co. v. Alexander, 246 U.S. 276 (1918). The Court is not required to blindly accept Plaintiff's characterization of his ambiguous allegations and must look to the record as a whole to determine if it has jurisdiction. See 14 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3734 (1976) ("[I]n practice, the federal courts usually do not limit their inquiry to the face of plaintiff's complaint, but rather consider the facts disclosed on the record as a whole in determining the propriety of removal.") (citing Nunn v. Feltinton, 294 F.2d 450 (5th Cir. 1961), cert. denied, 369 U.S. 817 (1962)) (emphasis added).

HMMA and HMA have offered sworn testimony showing that the true nature of the controversy regarding "benefits" between Plaintiff and the Defendants related to supposed differences between the HMA and the HMMA Healthcare benefit plans. (First Declaration of Greg Kimble, ¶¶ 4-5; Second Declaration of Greg Kimble, ¶¶ 4, 7; Declaration of Eileen Elmermann, ¶¶ 2-3). Instead of submitting sworn testimony or any record evidence to refute this contention by the Defendants, Cyrus has merely provided this Court with conclusory allegations in his brief that he does not intend to pursue such claims. This is insufficient as a matter of law to rebut the undisputed record evidence offered by Defendants. See Duha v. Agrium, Inc., 448 F.3d 867, 879 (6th Cir. 2006) ("Arguments in parties' briefs are not evidence.") (citing Diversified Numismatics, Inc. v. City of Orlando, 949 F.2d 382, 384 (11th Cir. 1991); Versarge v. Township of Clinton N.J., 984 F.2d 1359, 1370 (3rd Cir. 1993)("We have repeatedly held that unsubstantiated arguments made in briefs or at oral argument are not evidence to be considered by this Court.").

Federal question jurisdiction existed at the time of removal, and Plaintiff cannot now try to prevent this Court from ruling on dispositive motions by abandoning his federal claims. Plaintiff has made two clear and unmistakable representations to this Court in an effort to avoid its jurisdiction: (1) no claims against any Defendants are based upon any ERISA benefit plans; and (2) no HMMA official ever made any false representations to him and his fraud claim is based solely upon representations made at a time when HMMA did not even exist.[1]  Plaintiff is conclusively bound by both of these assertions. See Link v. Wabash R.R. Co., 370 U.S. 626, 633-34 (1962); Purgess v. Sharrock, 33 F.3d 134, 144 (2nd Cir. 1994).

Plaintiff contends that Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287 (11th Cir. 2000) stands for the proposition that the propriety of removal can be destroyed by post-removal actions taken by the plaintiff.  The Poore Court, in fact, held just the opposite. Poore, 218 F.3d at 1290 ("On appeal, Appellant argues the district court's interpretation of § 1447(c) was incorrect and contends the amended statute still prohibits courts from relying on post-removal events in examining subject matter jurisdiction. We agree.").

Although not cited in Plaintiff's opposition, he references the Court's ability to decline supplemental jurisdiction over pendent state law claims under 28 U.S.C. § 1367(c)(3), which provides:  "The district courts may decline to exercise supplemental jurisdiction over a claim

---

[1] Plaintiff unequivocally states in his Motion to Remand:  "Plaintiff has not alleged these [health plan, a life insurance plan, a salary continuation plan for short-term disability, a long-term disability plan, and a 401K plan] in the Complaint and these are not the basis for Plaintiff's Complaint." (Motion to Remand, ¶ 2). "Plaintiff's fraud claim is based upon representations made to him while he was still employed by Mercedes for the purpose of inducing him to quit his work with Mercedes and come to work for Defendants." (Id., ¶ 3).  Plaintiff goes on to state in the Motion to Remand that "HMMA did not exist prior to September 2002 … [and] the representations which induced Plaintiff to leave his job with Mercedes were made prior to May 22, 2002." (Id., ¶10).  Plaintiff alleges that he is pursuing claims based only on representations made by employees of "Hyundai Motor Company, Hyundai Mobis, Inc., Hyundai Translead, and Hyundai Motor America. . . ." (Id. ¶11).

under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ... ." (emphasis added).  Section 1367(c)(3) allows the Court to decline jurisdiction only if the district court has dismissed all claims over which it has original jurisdiction.  To date, there has been no such order of dismissal by the Court and therefore § 1367(c) has no applicability.  Nonetheless, if the Court decides to allow the Plaintiff to abandon his federal claims, then the Court should enter an order that binds the plaintiff to the representations he has made to this Court by dismissing, with prejudice:  (1) any claims premised upon ERISA or upon any representations regarding ERISA benefit plans; and (2) any fraud claim against HMMA.  This would properly preclude Plaintiff from attempting to take a position in the future that is inconsistent with his position here before this Court.

The mere fact that plaintiff abandons his federal claims does not require the Court to remand this action to state court.  Once a case is properly removed to federal court, this Court has the authority and jurisdiction over the case until its conclusion.  The U.S. Supreme Court has noted that district courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  The mere fact that section 1367(c) provides a district court with the discretion to decline to exercise jurisdiction under certain limited circumstances does not mean that the Court is required to decline jurisdiction in every instance.  This Court should retain jurisdiction over this matter, regardless of whether it dismisses the federal claims asserted by Plaintiff.

B.     **Plaintiff's Arguments Regarding Successor and Parent/Subsidiary Liability Fail as a Matter of Law**

Plaintiff has confused the doctrine of "successor" liability with the doctrine of "parent/subsidiary" liability.  First, successor liability has no application to this case because

there was no asset purchase, consolidation, merger, or other acquisition that would make this doctrine applicable.  As stated in Rivers v. Stihl, Inc., 434 So. 2d 766, 771 (Ala. 1983) – relied upon by the plaintiff – "[l]iability  for a successor corporation under corporation law is largely dependent on the form of the acquisition."  Thus, successor liability has no application to the facts of this case, particularly given that HMA is still in existence and is a party to this lawsuit.

Plaintiff also has failed to offer any evidence that liability should be imposed on HMMA under some type of parent/subsidiary liability theory.  Plaintiff relies on Environmental Waste Control, Inc. v. Browning Ferris Indus., 711 So.2d 912 (Ala. 1977), a case in which a promissory fraud claim was allowed to survive against a parent and a subsidiary corporation. But that case is clearly distinguishable from this one because the plaintiff relied upon alleged misrepresentations made during negotiations that involved agents of both the parent company and the subsidiary. Importantly, the Court noted that a promissory fraud claim, such as the one asserted here, requires that "at the time the promise was made, there was an intent not to perform the promised act."  Id., 711 So. 2d at 916.  Obviously, HMMA did not exist at the time the representations were made and could not have held such an intent to deceive at that time.[2]  Thus, the holding of Environmental Waste provides further support for the dismissal of Plaintiff's fraud claim.

The law is clear that parent and subsidiary companies cannot be held liable for each other's actions without a presentation of evidence warranting that the separate corporate existences should be ignored. "To pierce the corporate veil, a plaintiff must show fraud in asserting the corporate existence or must show that recognition of the corporate existence will result in injustice or inequitable consequences." Backus v. Watson, 619 So. 2d 1342, 1345 (Ala. 1993).  Plaintiff has offered no evidence to suggest that there is fraud in the creation of HMMA

---

[2] "HMMA did not exist prior to September 2002."  (Plaintiff's Motion to Remand, ¶ 10).

and the only injustice that would be caused by piercing the corporate veil would be done through the allowance of claims against an entity that did not make any representations and did not even exist at the time the representations were made.

There is no evidence whatsoever that HMA has dominated the actions of HMMA or that HMMA has been created as a mere subterfuge. Simmons v. Clark Equipment Credit Corp., 554 So. 2d 398, 400-01 (Ala. 1989). Plaintiff argues that the corporate veil should be pierced because Ted Chung, the Executive Vice President of Hyundai Motor Company, allegedly became the Vice President for HMMA. This allegation is false; Chung has never been employed by HMMA. (Exhibit A: Declaration of Gianetta Turner, ¶ 3). Nonetheless, the mere fact that one employee may transfer from one corporation to another does not compel a finding that one entity is a "mere adjunct, instrumentality, or alter ego of the parent corporation." Environmental Waste Control, 711 So.2d at 914 (citations and quotations omitted)

Plaintiff has failed to offer sufficient evidence to show that HMMA should be held liable under either a successor liability theory or under a parent/subsidiary liability theory. Therefore, Plaintiff's fraud claim must be dismissed.

## C.    Conclusion

For the foregoing reasons, Defendant Hyundai Motor Manufacturing Alabama, LLC respectfully requests that this Court enter judgment on the pleadings in favor of HMMA on Count Two of Plaintiff's Complaint.

/s/  Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North

Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 5th day of September, 2006, I electronically filed the foregoing Reply Brief of Defendant Hyundai Motor Manufacturing Alabama, LLC in Support of Its Motion for Judgment on the Pleadings as to Count Two of Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey.

<u>/s/ Brian R. Bostick</u>
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
brian.bostick@odnss.com

4240872.1

7