IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS,<br><br>    Plaintiff,<br><br>vs.<br><br>HYUNDAI MOTOR COMPANY,<br>HYUNDAI MOBIS, INC. (formerly known<br>as HYUNDAI PRECISION CO.),<br>HYUNDAI TRANSLEAD (formerly known<br>as HYUNDAI PRECISION CO.)<br>HYUNDAI MOTOR AMERICA, and<br>HYUNDAI MOTOR MANUFACTURING<br>OF ALABAMA, LLC,<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>2:06-cv-568-WKW |

**RESPONSE OF DEFENDANT HYUNDAI MOTOR MANUFACTURING
ALABAMA, LLC TO MOTION TO STRIKE**

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and in response to Plaintiff's Motion to Strike, hereby states that Plaintiff's Motion to Strike is due to be denied for the following reasons:

1.    In considering a Motion for Judgment on the Pleadings, a Court can look beyond the bare allegations in Plaintiff's Complaint. A document is not "outside" the complaint if the complaint references the document and its authenticity is not questioned. Townsend v. Columbia Operations, 667 F.2d 844, 848-49 (9th Cir. 1982). The leading commentators state that "when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327, at 762-63 (2d ed. 1990); accord Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991).  HMMA has

provided the Court with copies of the documents that plaintiff generally references in the Complaint, but which Plaintiff did not attach to his Complaint. Plaintiff has not challenged the authenticity of these documents. They may properly be considered by the Court.

2. Even if the matters raised in these declarations offered by HMMA could be considered beyond the scope of the Complaint, the Court may properly consider them because it has the authority to convert HMMA's motion into a motion for summary judgment under Fed.R.Civ.P. 56. Through the entry of the Order dated August 7, 2006, the Court has already essentially converted the motion to a Rule 56 motion. To convert a motion into a motion for summary judgment, the Court generally "must notify the parties and allow the parties ten days to submit relevant evidence and arguments in support or opposition to the merits." <u>Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.</u>, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). In the Court's August 7 Order, the Court ordered that: "the plaintiff file a response which shall **include a brief and any evidentiary materials** on or before August 28, 2006." (emphasis in original). Thus, the Court has already complied with the Rule 56 notice requirement and has provided the Plaintiff with ample opportunity to present arguments and evidence to support his claims.

3. Plaintiff elected not to submit <u>any</u> evidence in opposition to HMMA's motion. Plaintiff cannot dispute the representations that HMMA has made to the Court and failed to offer the Court any sworn testimony or other evidence that might create a genuine material issue of fact. Instead, Plaintiff asks this Court to ignore the undisputed facts in this case and simply rely upon the unsupported accusations that he makes in his Complaint. The Court should decline this invitation and should rule on the motion based upon the undisputed evidence before it.

For the foregoing reasons, Defendant HMMA requests that this Court deny Plaintiff's Motion to Strike.

/s/ J. Trent Scofield

TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
trent.scofield@odnss.com

Attorneys for Defendant Hyundai Motor Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of September, 2006, I electronically filed the foregoing Response of Defendant Hyundai Motor Manufacturing Alabama, LLC to Motion to Strike with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey, Timothy A. Palmer, and Brian R. Bostick.

/s/ J. Trent Scofield
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
trent.scofield@odnss.com