IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS**<br><br>    Plaintiff,<br><br>vs.<br><br>**HYUNDAI MOTOR COMPANY,**<br>**HYUNDAI MOBIS, INC. (formerly known**<br>**as HYUNDAI PRECISION CO.),**<br>**HYUNDAI TRANSLEAD (formerly known**<br>**as HYUNDAI PRECISION CO.)**<br>**HYUNDAI MOTOR AMERICA, and**<br>**HYUNDAI MOTOR MANUFACTURING**<br>**OF ALABAMA, LLC,**<br><br>    Defendants. | **CIVIL ACTION NO.:**<br><br>**2:06-cv-00568-WKW-DRB** |

### MOTION OF DEFENDANT HYUNDAI MOTOR MANUFACTURING ALABAMA, LLC FOR LEAVE TO AMEND NOTICE OF REMOVAL

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC (hereinafter "HMMA"), and pursuant to 28 U.S.C. §§ 1441, 1446, and 1653, files this Motion for Leave to Amend the Notice of Removal, to clarify the allegations regarding the citizenship of the parties and this Court's jurisdiction over Plaintiff's claims under 42 U.S.C. § 1332. HMMA states the following in support of this motion:

**A.   LEAVE IS APPROPRIATE TO ALLOW A DEFENDANT TO CORRECT ITS JURISDICTIONAL STATEMENTS IN THE NOTICE OF REMOVAL**

1.    Congress has provided that "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Eleventh Circuit has followed this instruction and has allowed parties to amend their removal pleadings at both the district court level and at the appellate level. See Alexander Proudfoot Co. v. Thayer, 877 F.2d 912, 916 n.9 (11th Cir. 1989) (allowing amendment to removal petition while case was on

appeal after defendant was notified during oral argument before appellate court of deficiency in Notice of Removal); McDuffie v. Old Reliable Fire Ins. Co., 608 F.2d 145, 147 (5th Cir. 1979) (affirming district court's decision to allow amendment to notice of removal to properly state diversity jurisdiction allegations), cert. denied, 449 U.S. 830 (1980).  Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave shall be freely given when justice so requires."  The Eleventh Circuit has held that the ends of justice and judicial efficiency are promoted by allowing a removal petition to be amended.  See Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987).  Plaintiff's Motion to Remand is still pending before the Court and it would not prejudice any party to allow an amendment to the Notice of Removal at this point in the litigation process.

**B.    IN ADDITION TO FEDERAL QUESTION JURISDICTION, THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1331**

2.    This Court has federal question jurisdiction over Plaintiff's claims because his claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) (hereinafter "ERISA").  See Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999).  In addition, this Court has "diversity jurisdiction" over Plaintiff's claims because this is an action between citizens of different states and the amount in controversy exceeds $75,000.

3.    Federal courts have diversity jurisdiction over actions involving the following:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1)  citizens of different States.

28 U.S.C. § 1331.  Thus, if the value of the case exceeds $75,000 and the parties are "citizens of different States," then the federal district courts will have original "diversity jurisdiction."

2

Because the federal court would have original jurisdiction, such a case may be removed from State court to federal court.

4.  A corporation, such as Hyundai Motor America, Inc. ("HMA"), is deemed to be the citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). HMA is incorporated in the State of California and its principal place of business is also California. Thus, it is a California resident for purposes of diversity jurisdiction.

5.  Defendant HMMA is a single-member, limited liability company. The citizenship of a limited liability company is determined by conducting a review of the citizenship of its members. See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."); Porterfield v. Flowers Baking Company on Opelika, L.L.C., 2006 U.S. Dist. LEXIS 28012 *6 (M.D. Ala. May 1, 2006) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company is the citizenship of its members."). HMMA's single member is HMA. HMA is a California corporation whose principal place of business is in California. Therefore, both HMA and HMMA are citizens of California for diversity jurisdiction purposes.

6.  Plaintiff alleges in his Complaint that he is a citizen of the State of Alabama. (Complaint, ¶ 1).[1]

7.  This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331 because complete diversity of citizenship exists between Plaintiff and Defendants.

---

[1] HMMA has learned that at some point since the filing of Plaintiff's lawsuit, he has become, upon information and belief, a citizen of the State of Illinois.

8.      The amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.  As stated in paragraph eleven of the Complaint, Plaintiff seeks to recover for a breach of contract claim for bonuses supposedly owed to him.  Plaintiff alleges that the unpaid bonus would be equal to 225% of his monthly salary. (Complaint, ¶ 11).  Mr. Cyrus' annual salary at the time that he began working for HMMA was $140,000.  (Exhibit A: Declaration of Gianetta Turner, ¶ 3).  His salary was increased on several occasions, and his salary was more than $154,000 at the time of his termination.  (Id., ¶ 3). Thus, he is seeking bonus payments during the three year period that he worked for HMMA that would exceed $80,000. Plaintiff alleges that he gave up his job at Mercedes Benz to work for defendants. (Complaint, ¶ 7).  Plaintiff seeks "pecuniary loss" related to this job that he quit at Mercedes. This "pecuniary loss" damage item would provide additional damages above and beyond the $75,000 threshold.

9.      Plaintiff also seeks punitive damages in this action. (Complaint, ¶ 25). While Defendants vigorously deny that Plaintiff is entitled to damages of any kind, courts and juries in Alabama have routinely awarded individual plaintiffs punitive damages in excess of $75,000 in cases alleging fraud.  See, e.g., Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) ("Alabama state courts have also awarded victorious plaintiffs in fraud cases punitive damages that exceed the jurisdictional minimum of $75,000."); Johnson v. Mercury Finance Co., CV 93-52 (Barbour County, August 5, 1994) (jury awarded $50,000,000 in punitive damages on suppression claim); Davis v. Associates Financial Services Co., CV 93-38 (Lowndes County, March 11, 1994) (jury awarded $31,500,000 in punitive damages on fraud claim); Johnson v. Life Ins. Co. of Georgia,  CV 93-0969-BLK (Mobile County, June 2, 1994) (jury awarded $15,000,000 in punitive damages in fraud action).

10. Plaintiff also seeks unspecified damages for mental anguish and emotional distress. (Complaint). Alabama courts and juries have routinely awarded plaintiffs mental anguish damages in excess of $75,000. See e.g., Kirkland, 263 F. Supp. 2d at 1355 ("The Defendants have shown the Court several cases from Alabama state courts in which plaintiffs have won jury verdicts well in excess of the jurisdictional requirement of $75,000 for claims involving fraud and emotional distress."); Sperau v. Ford Motor Co., 708 So. 2d 111 (Ala. 1997) (jury awarded $6 million punitive damages and $3.5 million mental anguish damages on fraud claim), cert. denied, 523 U.S. 1075 (1998); Duck Head Apparel Co., Inc. v. Hoots, 659 So. 2d 897 (Ala. 1995) (jury awarded mental anguish damages totaling $3.5 million to 3 plaintiffs in fraud case alleging that clothing company wrongfully failed to pay plaintiffs' sales commissions); Life Ins. Co. of Georgia v. Johnson, 701 So. 2d 524 (Ala. 1997) (jury awarded compensatory verdict of $250,000, all but $3,132 of which was for mental anguish, on claim alleging sale of unnecessary medical coverage to plaintiff).

11. Based on the foregoing, it is HMMA's good faith belief that the amount sought by Plaintiff and in controversy exceeds the sum or value required for diversity jurisdiction under 28 U.S.C. § 1332(b).

12. Counsel for HMMA has contacted counsel for HMA, and they have advised that they do not have any objections to the filing of this motion.

**WHEREFORE**, Hyundai Motor Manufacturing Alabama, LLC requests that this Court allow leave of Court to assert that, in addition to federal question jurisdiction, this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331.

Respectfully submitted this 10th day of November, 2006.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)

J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
brian.bostick@odnss.com
Attorneys for Defendants Hyundai Motor
Manufacturing Alabama, LLC

6

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 10th day of November 2006, I electronically filed the foregoing Defendants' Motion for Leave to Amend Notice of Removal with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, Wyndall Ivey.

        /s/ Brian R. Bostick
        OGLETREE, DEAKINS, NASH,
        SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203
        Telephone: (205)328-1900
        Facsimile: (205)328-6000
        brian.bostick@odnss.com