IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT CYRUS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 06-568-DRB |
| ) | |
| HYUNDAI MOTOR COMPANY, ) | |
| et al., ) | |
| ) | |
|     Defendants. ) | |

<u>OPPOSITION TO MOTION OF DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA FOR LEAVE TO AMEND NOTICE OF
REMOVAL</u>

Comes now the Plaintiff, Robert Cyrus, and opposes the Defendant HMMA's Motion for Leave to Amend Notice of Removal and for grounds says as follows:

    1.    Defendant, apparently recognizing that its original argument for federal jurisdiction based on ERISA is unsound, has moved the Court to allow it to amend its removal petition to plead an entirely different and new basis for a federal court jurisdiction, that being diversity jurisdiction. To this end Defendant HMMA has alleged that it should be allowed under 28 U.S.C. § 1653 to amend its defective allegations of jurisdiction, citing <u>Alexander Proudfoot Co., v. Thayer</u>, 877 F.2d 912, 916 n.9 (11th Cir. 1989); <u>D.J. McDuffie, Inc., v. Old Reliable Fire</u>

Insurance Company, 608 F.2d 145, 147 (5th Cir. 1979); and Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277, 282 (11th Cir. 1987).  Those cases do not address the situation found here, however.

2. Here Defendant removed the case alleging federal question jurisdiction based on ERISA as its exclusive and only basis for removing the case from state court.  It does not now seek to correct any defective allegation with regard to its originally premised federal question jurisdiction.  Rather it seeks to assert an entirely new and different basis for removal jurisdiction, that being diversity jurisdiction.  Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325 (W.D. LA. 1993), is entirely on point, and stands for the proposition that Defendant HMMA's new grounds for diversity is untimely.

3. Defendant removed the case on June 26, 2006.  On November 10, 2006, four an a half months later, defendant HMMA seeks , for the first time, to assert diversity jurisdiction as a basis for federal court jurisdiction.  This allegation is not timely. While a defendant is free to amend its notice of removal within the first thirty days, after the thirty day period has expired any amendments to a removal notice must be made in accordance with 28 U.S.C. § 1653 which allows for the amendment of a defect in the allegations.  See Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325 (W.D. LA. 1993).  Where the defendant amends

its notice of removal to assert an entirely different and distinct jurisdictional basis, however, 28 U.S.C. § 1653 cannot be invoked to allow that untimely amendment. See Holt v. Lockheed Support Systems, Inc., 835 F. Supp. 325, 327 (W.D. LA. 1993).

4. This is true because 28 U.S.C. § 1653 is limited to curing technical defects only. See Holt (citing Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985)). Holt also cites to Aetna Casualty Ins., Co., v. Hillman, 796 F.2d 770, 775 (5th Cir. 1988), where the Fifth Circuit held that 28 U.S.C. § 1653 provides a method for curing defective allegations of jurisdiction *but is not to be used to create jurisdiction retroactively where it did not previously exist.* (Emphasis added)

5. Holt also cites to Wright, A. Miller, and E. Cooper, Federal Practice and Procedures for the proposition that "[t]he [removal] petition may be amended freely prior to the expiration of the thirty day period seeking removal. Thereafter, however, the cases indicate that the petition may be amended only to set more specifically grounds for removal that have already been stated, albeit imperfectly, in the original petition; *new grounds may not be added, and missing allegations may not be furnished*." See 14(a) C. Wright, A. Miller, and E. Cooper, Federal Practice and Procedures § 3733 at pp. 537-538 (2d ed. 1985) (emphasis added).

6. It is apparent from the facts alleged in Defendant HMMA's Motion to Amend that it had all facts necessary to plead diversity jurisdiction when removing the case based exclusively on federal question jurisdiction. Because Defendant's attempt at this time to assert an entirely different basis, diversity of citizenship, for this court's jurisdiction, the court should disallow the defendant's motion and should remand the case to State Court.

## CONCLUSION

For the reasons stated Plaintiff submits that the court should disallow defendant's amendment and remand the case to state court.

Respectfully submitted,

s/Richard J. Stockham III
ASB-5599-k43r
Attorney for the Plaintiff
Stockham, Carroll & Smith, P.C.
2204 Lakeshore Drive, Suite 114
Birmingham, Alabama 35209
Telephone (205) 879-9954
Fax: (205) 879-9990
E-Mail: rjs@stockhampc.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Civil Action No.: 06-568-DRB |
| | ) |
| HYUNDAI MOTOR COMPANY, | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 4, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to the following attorneys of record:

**COUNSEL FOR**
**HYUNDAI MOTOR AMERICA**
Jeffrey Allen Lee
Email: jlee@mcglaw.com

Wyndall A. Ivey
Email: wivey@maynardcooper.com

**COUNSEL FOR**
**HYUNDAI MOTOR MANUFACTURING**
**OF ALABAMA LLC**
Brian R. Bostick
Email: brian.bostick@odness.com

Joseph Trent Scofield

Email: trent.scofield@odness.com

Timothy A. Palmer
Email: timothy.palmer@odness.com

**COUNSEL FOR
HYUNDAI MOTOR COMPANY**

                                s/Richard J. Stockham III
                                ASB-5599-k43r
                                Attorney for the Plaintiff
                                Stockham, Carroll & Smith, P.C.
                                2204 Lakeshore Drive, Suite 114

                                Birmingham, Alabama 35209
                                Telephone (205) 879-9954
                                Fax: (205) 879-9990
                                E-Mail: rjs@stockhampc.com