UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ROBERT CYRUS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CASE NO.:  2:06-cv-00568-WKW-DRB |
| v. | ) |
| | ) |
| **HYUNDAI MOTOR COMPANY,** | ) |
| **HYUNDAI MOBIS, INC. (formerly** | ) |
| **known as HYUNDAI PRECISION CO.),** | ) |
| **HYUNDAI TRANSLEAD (formerly** | ) |
| **known as HYUNDAI PRECISION CO.)** | ) |
| **HYUNDAI MOTOR AMERICA, and** | ) |
| **HYUNDAI MOTOR** | ) |
| **MANUFACTURING OF** | ) |
| **ALABAMA, LLC.** | ) |
| | ) |
| **Defendants.** | ) |

**MOTION TO STAY OF DEFENDANT HYUNDAI MOTOR
MANUFACTURING ALABAMA, LLC PENDING ELECTION BY
PLAINTIFF TO JOIN ADDITIONAL FEDERAL CLAIMS**

COMES NOW Defendant Hyundai Motor Manufacturing Alabama, LLC ("HMMA") and moves this Court to stay this action pending a determination by Plaintiff as to whether he seeks to include additional federal claims as part of this lawsuit. In support of this motion, HMMA states as follows:

In addition to the claims brought by Plaintiff in this lawsuit, Plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission dated March 9, 2006. (Exhibit A: March 9, 2006, EEOC Charge). In that EEOC charge, Plaintiff asserts claims of race and national origin (white American) discrimination and retaliation under Title VII of the Civil Rights Act of 1964. Plaintiff is represented by the same attorney in both this lawsuit and the EEOC charge. The

EEOC charge was filed only a few weeks before the filing of this lawsuit. The EEOC investigated the charge and found no evidence to support a finding that a violation of Title VII has occurred. The EEOC dismissed the charge on November 21, 2006. (Ex. B: Dismissal and Notice of Rights).

Pursuant to 42 U.S.C. § 2000e-5(f)(1), Plaintiff now has 90 days from receipt of the dismissal notice to assert his claims in federal court. These federal claims are now ripe to be filed in federal court, and Plaintiff could immediately move to amend the Complaint to add these claims to this lawsuit.

HMMA asserts that, given that this lawsuit is in its infancy and given the overlapping facts presented in the claims presently before the Court and those flowing from Plaintiff's EEOC charge, the most efficient manner to address all issues between the parties is for Plaintiff to amend his Complaint so that these claims can be part of the same discovery process and trial between the parties and their lawyers. This will prevent a duplication of discovery and the needless draw on Court resources caused by the filing of a second lawsuit before another judge. If Plaintiff does not want to pursue those additional federal claims flowing from his EEOC charge then he could merely notify the Court of such intention and the parties could proceed with discovery on the remaining claims.

**A.      This Court Has the Authority to Litigate All of the Claims Between the Parties**

If claims are identical or overlap on substantive issues, the claims should be consolidated before the first court to seize jurisdiction over the issues (*i.e.*, the lower numbered case). Mann Mfg. v. Hortex, Inc., 439 F.2d 403, 408 n.6 (5th Cir. 1971)(citing Rickey Land & Cattle Co. v. Miller &

Lux, 218 U.S. 258, 262 (1910)).[1]  The former Fifth Circuit has explained the importance of resolving all claims between the parties in one lawsuit:

> It is manifest that the litigants should be spared both the necessity of appearing in two courts to assert these interrelated claims and the problem of trying to reconcile two judges' possibly divergent factual and legal determinations.  Fair and efficient judicial administration should be considered.  Economy of judicial effort can be achieved by having the problems between the plaintiff[s] and the [defendant] resolved by one judge.

Blair v. City of Greenville, 649 F.2d 365, 368 (5th Cir. Unit A July 2, 1981).  The most efficient manner to resolve all issues between these parties is for Plaintiff to bring any claims he has related to his EEOC charge as part of this lawsuit.

**B.      There Are Common Issues of Law and Fact**

HMMA asserts that these additional federal claims would be properly consolidated into the present lawsuit because there are common issues of law and fact.  Rule 42(a) of the Federal Rules of Civil Procedure governs motions to consolidate and provides:

> **Consolidation.**  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

There are several common issues of law and fact between the claims before this Court and those that would flow from the Plaintiff's EEOC charge. All of the claims are based on Plaintiff's employment with Hyundai entities.  Specifically, Plaintiff contends in the pending lawsuit that his performance was sufficient to warrant the award of performance bonuses during the time he worked

---

[1]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all decisions of the former Fifth Circuit rendered prior to

for HMMA and alleges he was told "that everyone in management thought Cyrus was doing an outstanding job." (Complaint, ¶ 19). In his EEOC charge, Plaintiff refers to an incident in which he had a conflict with a superior at HMMA, and states that HMMA management was "upset" with him and requested that he resign. (Exhibit A). Clearly, Plaintiff's job performance will be the central issue to resolve for both his claim for unpaid bonuses and for his discrimination and retaliation claims.

In addition, the remedies that Plaintiff seeks for these claims will also overlap. Plaintiff seeks compensatory damages for emotional distress and mental anguish and punitive damages. These same damages are recoverable under Title VII. The evidence of both these matters will certainly involve the same evidence of Plaintiff's interactions with Hyundai management during the time he worked for Hyundai entities. Plaintiff contends that he is entitled to lost wages and bonuses in this lawsuit. He may also seek backpay (which will include these same damage items) in pursuit of his Title VII claims. It would be inefficient to allow Plaintiff to attempt to recover the same damages in two separate lawsuits. More problematic is the fact that this could lead to inconsistent verdicts in the separate lawsuits. Given these common questions of both law and fact, this lawsuit presents the appropriate forum for the resolution of all claims between the parties.

C.  **Judicial Efficiency Will be Promoted By Trying All Claims Between the Parties in the Same Lawsuit**

Rule 1 of the Federal Rules of Civil Procedure states that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." HMMA submits that a stay of this action to allow Plaintiff the opportunity to bring any claims flowing from

---

October 1, 1981.

his EEOC charge as part of this lawsuit will promote the goals of Fed. R. Civ. P. 1. Such action by the Court will ensure that there is a just determination, because it will eliminate the possibility of inconsistent verdicts. It will promote the goals of a speedy and inexpensive determination because the parties will be able to proceed with only one unified discovery and trial process, which will eliminate costs and effort for all involved.

Rule 42(a) is a "codification of a trial court's managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1494 (11th Cir. 1985) (citations and internal quotations omitted). The fact that no substantial discovery has been conducted in the case supports the conclusion that these additional federal claims should be joined in this lawsuit. See, e.g., Grimes v. Kecko Industries, Inc., 22 FEP Cases 484, 485 (S.D. Ohio 1976)("This Court finds that as only limited discover has taken place in either case, all parties would benefit from consolidation of these cases and valuable court time and effort would be saved."). No depositions have been taken. None of the parties have responded to written discovery; and there has not yet been a scheduling order entered.

It would be far more efficient to proceed with these claims in this lawsuit, particularly given the difficulties that would be caused in discovery by the fact that Plaintiff is now a resident of the State of Illinois. Through the allowance of these claims, the parties can eliminate the need for two sets of depositions, two sets of written discovery, two separate dispositive motion filings, and two trials. Undoubtedly, Plaintiff would not want to travel from Illinois to Alabama on two separate occasions to be deposed and for two separate trials.

Each of the foregoing factors suggests that the Court should stay this case pending Plaintiff's election whether or not to pursue these additional federal claims. Compare United States v. Chicago, 385 F. Supp. 540, 543 (N.D. Ill. 1974)(three actions alleging discriminatory employment practices by a city police department were properly consolidated since discovery in each of the three cases would be duplicative and two of the three suits were in the same discovery posture) with Kilgov. Bowman Transp., Inc., 570 F. Supp. 1509, 1513 (N.D. Ga. 1983)(courts are reluctant to order consolidation when one suit is at a more advanced stage than the other and consolidation would substantially delay its conclusion), aff'd, 789 F.2d 859 (11th Cir. 1986). There will be no delay by this Court's action. Plaintiff is free to seek leave to amend the Complaint at any time within 90 days to add these claims.

Consolidating all claims in this lawsuit will provide the best method to proceed with discovery in an efficient manner because there will be much overlap in discovery between the claims. See, e.g., Owens v. Bethlehem Mines Corp., 108 F.R.D. 207, 213 (S.D. W.Va. 1985)(ordering consolidation because both cases "contain discovery of a general nature which will inure to the benefit of other plaintiffs"). In addition, the fact that the plaintiff is represented by the same counsel with regard to all claims is another factor that compels the conclusion that the inclusion of these claims is appropriate. Poulson v Louisiana, Arkansas & Texas Transp. Co., 7 F.R.D. 484, 485 (D.C. La. 1947)(ordering consolidation and holding that fact that parties are represented by same attorneys in both actions was factor in decision).

Counsel for Hyundai Motor America has advised that they do not oppose this motion.

**D.   Conclusion**

Allowing Plaintiff to decide whether he will pursue his Title VII claims in this lawsuit will provide the most efficient method to proceed with all of the claims between the parties. It would

allow the Plaintiff's and Defendants' attorneys to proceed with one case, one set of discovery deadlines, one round of depositions, one briefing schedule for dispositive motions, and one trial. This would clearly be the most efficient manner in which to proceed with pursuit of these claims.

**WHEREFORE**, HMMA requests that this Court stay this action and allow Plaintiff a reasonable period of time to notify the Court as to whether or not he intends to pursue the claims that were recently dismissed by the EEOC.

Respectfully submitted this 5th day of December, 2006.

/s/ Brian R. Bostick
TIMOTHY A. PALMER (PAL009)
J. TRENT SCOFIELD (SCO024)
BRIAN R. BOSTICK (BOS015)
**OGLETREE, DEAKINS, NASH,**
 **SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, AL 35203
(205) 328-1900
**brian.bostick@odnss.com**
Attorneys for Defendant Hyundai Motor
Manufacturing Alabama, LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of December, 2006, I electronically filed the foregoing Motion to Stay of Defendant Hyundai Motor Manufacturing Alabama, LLC Pending Election by Plaintiff to Join Additional Federal Claims with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard J. Stockham, III, Jeffrey A. Lee, and Wyndall A. Ivey.

      /s/ Brian R. Bostick
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205)328-1900
Facsimile: (205)328-6000
**brian.bostick@odnss.com**

4551340.1