IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBERT CYRUS,                            )
                                         )
    Plaintiff,                           )
                                         )
v.                                       )    CASE NO. 2:06-cv-568-WKW
                                         )
HYUNDAI MOTOR COMPANY, *et al.*,         )
                                         )
    Defendants.                          )

## <u>ORDER</u>

This cause is before the court on the Motion of Defendant Hyundai Motor Manufacturing Alabama, LLC For Leave to Amend Notice of Removal filed on November 10, 2006.  (Doc. # 19.) On December 4, 2006, the plaintiff filed opposition to the motion.  (Doc. # 21.)

A petition for removal of a civil action must be filed within thirty days after the defendant has received a copy of the initial pleading setting forth the claim for relief upon which the action is based.  28 U.S.C. § 1446(b).  A defendant may freely amend the notice of removal within the thirty day period dictated by § 1446(b).  *Holt v. Lockheed Support Sys., Inc.,* 835 F. Supp. 325, 327 (W.D. La. 1993); *Moody v. Commercial Ins. Co.,* 753 F. Supp. 198, 201 (N.D. Tex. 1990).  The power to amend pleadings to show jurisdiction is controlled by 28 U.S.C. § 1653.  Section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading.  *See Stafford v. Mobil Oil Corp.,* 945 F.2d 803 (5th Cir. 1991); *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826 (1989) (citing *Aetna Casualty and Sur. Co. v. Hillman,* 796 F.2d 770, 775-76 (5th Cir. 1986)).  *See also* 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3733 at 537-38 (2d ed. 1985) ("[T]he petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new

grounds may not be added and missing allegations may not be furnished." (footnote omitted)).

"[T]he courts that have addressed the issue have uniformly recognized that a defendant's ability to amend the removal petition after the thirty-day time limit for removal prescribed by § 1446 extends only to amendments to correct 'technical defects' in the jurisdictional allegations in the notice of removal . . . ." *Blakeley v. United Cable Sys.,* 105 F. Supp. 2d 574, 578 (S.D. Ala. 2000); *see, e.g., Stein v. Sprint Commc'ns Co.,* 968 F. Supp. 371, 374 (N.D. Ill. 1997) ("[A] defendant may not amend its notice of removal after the 30-day limit in § 1446(b) to remedy a substantive defect in the petition"); *Spillers v. Tillman,* 959 F. Supp. 364, 372 (S.D. Miss. 1997) ("Although a defendant is free to amend a notice of removal within the 30-day period set forth in 28 U.S.C. § 1446(b), once the 30-day period has expired, amendment is not available to cure a substantive defect in removal proceedings."); *Wright v. Combined Ins. Co. of Am.,* 959 F. Supp. 356, 359 (N.D. Miss. 1997) ("If a defendant seeks to amend the notice of removal at any time thereafter, he may only do so to clarify the jurisdictional grounds for removal, which were unartfully stated in the original notice.  He may not allege new jurisdictional grounds for removal."); *Iwag v. Geisel Compania Maritima,* 882 F. Supp. 597, 601 (S.D. Tex. 1995) (finding that "[s]ection 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading," and thus holding that the court would "disallow amendments to notices of removal that present grounds for removal not included in the original notice"); *Am. Educators Fin. Corp. v. Bennett*, 928 F. Supp. 1113, 1115 (M.D. Ala. 1996) (not allowing amendment to notice of removal which contained new grounds and allegations of jurisdiction).

Here, the defendant seeks to amend its notice of removal to assert that this court has diversity jurisdiction over this lawsuit.  (Doc. # 19.)  The original notice of removal, which was filed on June 26, 2006, contains no such assertion and only specifically invokes this court's federal question

jurisdiction. (Doc. # 3.) Because Defendant's motion alleges an additional ground for jurisdiction which was not included in the original pleading and was not filed within 30 days of the date when this case is alleged to have first become removable,[1] the amendment does not fall within the scope of amendments allowed under § 1653. Accordingly, it is hereby

ORDERED that the motion (Doc. # 19) is DENIED.

DONE this 2nd day of February, 2007.

_____/s/  W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE

---

[1] According to the notice of removal, the defendants were served with the Complaint and Summons on May 26, 2006. (Doc. # 31, ¶ 2.)