IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CYRUS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:06-cv-568-WKW |
| | ) |
| HYUNDAI MOTOR COMPANY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court for consideration of the Motion to Remand (Doc. # 4), filed by Plaintiff Robert Cyrus ("Cyrus"). In support of the motion, Cyrus claims this court lacks subject matter jurisdiction under 28 U.S.C. § 1331. Defendants Hyundai Motor Manufacturing Alabama, LLC ("HMMA"), and Hyundai Motor America ("HMA") (collectively, "Defendants"), have filed responses in opposition to the motion (Docs. # 7 and 9), asserting that Cyrus's action is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) (hereinafter referred to as "ERISA"). For the reasons set forth below, the Motion to Remand is due to be GRANTED.

### I.  FACTS AND PROCEDURAL HISTORY

On May 16, 2006, Cyrus filed this civil action in the Circuit Court of Montgomery County, Alabama, alleging state law claims of breach of contract for unpaid bonuses and fraud for misrepresentations that induced him to leave his Mercedes job to work for HMA and HMMA. (Compl.) In the complaint, Cyrus named HMMA, HMA, Hyundai Motor Company, Hyundai Mobis, Inc., and Hyundai Translead as defendants. *Id.* On June 26, 2006, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants HMMA and HMA removed this action, arguing that this court has federal question jurisdiction under ERISA. (Defs.' Notice of Removal.)

According to the allegations in the complaint, Cyrus left a job at Mercedes Benz U.S. International, Inc. (Compl. ¶ 3) on the understanding that he would work for two years at HMA before being promoted to Vice President of Procurement for HMMA (a new Hyundai manufacturing plant). *Id.* at ¶ 6. During negotiations, Cyrus received an offer letter specifying his salary and bonuses as 225% of his previous monthly salary. *Id.* at ¶ 11. Allegedly, the offer letter stated that:

> [Cyrus] would be entitled to the benefits a new HMA employee was eligible to receive. The offer further set out that when Hyundai Motor Manufacturing Alabama becomes a viable and legal business entity that his benefits with HMA would cease and his benefits would be provided by Hyundai Motor Manufacturing of Alabama . . . . [T]hese benefits were to at least [be] the same as Hyundai Motor America's benefit package.[1]

(*Id.* at ¶ 10.)

Defendants contend that Cyrus's references to "benefits" in the above paragraph of the complaint establish that Cyrus complains of the terms of the HMMA Health and Welfare Plans, which are ERISA plans. (Notice of Removal ¶ 8.) Defendants offer as evidence a declaration signed by Greg Kimble, Director of Human Resources and General Affairs at HMMA. Kimble states that Cyrus complained that his health insurance plan with HMMA was different than his plan with HMA and that Cyrus negotiated with HMMA for a salary increase to compensate for the difference. (Second Decl. of Greg Kimble ¶ 7.) Cyrus claims he is not complaining of any aspect of any ERISA plan but the "vacation, vehicle, and relocation expenses" referenced in an earlier paragraph of the complaint. (Compl. ¶ 9.)

On July 13, 2006, Cyrus filed a Motion to Remand. (Doc. # 4.) Defendants HMA and HMMA having filed responses in opposition to the motion to remand, the motion is now fully

---

[1] Count II of the complaint incorporates this averment and claims damages based on it for fraudulent inducement. (Compl. ¶ 23-25.)

briefed and ripe for consideration by the court.

## II.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  District courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365 (11th Cir.1994)).  Accordingly, the federal removal statutes must be strictly construed against removal, and, generally speaking, all doubts about removal must be resolved in favor of remand.  *See Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979).[2]  The Eleventh Circuit favors remand of removed cases when federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095. After a motion to remand, the removing party has the burden of proving federal jurisdiction. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## III.  DISCUSSION

Generally, federal jurisdiction is determined by the face of a properly pleaded complaint. *Caterpiller, Inc. v. Williams*, 482, U.S. 386, 392 (1987).  A cause of action which is exceedingly general and not well pleaded, however, may still be preempted by a federal statute.  *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1090 (11th Cir. 2002).

---

[2] The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc),adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Whether Plaintiff's cause of action is preempted by ERISA depends on whether Plaintiff's claim "relates to" an ERISA plan. *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990)). "The Supreme Court has explained that "a law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Forbus*, 30 F.3d at 1405 (citing *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, (1983)).

In this case, Defendants have not met their burden to show that either of the claims of Cyrus is covered by ERISA. Certainly, *if* Cyrus is complaining of a difference in his health insurance benefits, his claim would arise under ERISA. Such a claim would require the interpretation of his health insurance benefits under his ERISA-covered HMMA benefits plan. However, the language of the complaint is unclear. The word "benefits" does not necessarily connote insurance benefits. In fact, the complaint references "vacation, vehicle, and relocation expenses" (Compl. ¶ 9), all "benefits" having nothing to do with ERISA. The fact that Cyrus may have complained about health insurance benefits before filing the complaint and that the parties negotiated over an adjustment of his pay to compensate Cyrus for differences in his health insurance plans does not tend to show he now complains about it.

Defendants certainly overstate their case when they suggest Cyrus's second cause of action entirely amounts to a well-hidden ERISA claim. Cyrus claims Defendants fraudulently induced him to leave his prior job based on the promise of promotion and a bonus. These claims are not at all ERISA-related.

Accordingly, federal jurisdiction is not absolutely clear, and remand is required. *See Burns*, 31 F.3d at 1095.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Motion to Remand (Doc. # 4) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), the above-styled lawsuit is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.  All other motions are left for resolution by the state court after remand.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 30th day of March, 2007.

        /s/   W.  Keith Watkins
    UNITED STATES DISTRICT JUDGE